PARKER et al. v. MOORE GROCERY CO., Inc.

No. 3213.

Court of Civil Appeals of Texas. Beaumont.

July 28, 1937.

Rehearing Denied Aug. 4, 1937.

Adams & McAlister, of Nacogdoches, for appellants.

Ramsey & Ramsey, of San Augustine, and Butler & Price, of Tyler, for appellee.

·O'QUINN, Justice.

On September 18, 1934, appellee filed suit in the district court of Smith county, Tex., against appellant F. K. Parker, alleged to be trading as "City Grocery" in San Augustine, Tex., to recover on a promissory note in the sum of $397.65, dated April 22, 1931, due June 15, 1931, and to foreclose a deed of trust on five parcels of land situated in San Augustine county, Tex., alleged to have been given to secure the payment of the note.

The defendant F. K. Parker duly filed his plea of privilege to be sued in San Augustine county, Tex., the county of his residence, and it appearing that the note sued upon provided that it was payable at San Augustine, Tex., the plea was, on October 11, 1934, sustained and the case transferred to the district court of San Augustine county for trial.

On December 17, 1935, appellee filed its first amended original petition, wherein it alleged that the "City Grocery Company was a partnership composed of Sam Parker and Mrs. Sam Parker," and named them as parties defendant, and that F. K. Parker was the agent and manager of said defendants' said business. It further alleged the execution of the note by City Grocery Company, per F. K. Parker, and that "the defendant acting by and through its agent, F. K. Parker, executed a deed of trust" on five parcels of land (describing them) situated in San Augustine county, Tex., to secure the payment of the note. In the alternative it alleged that if it was mistaken in its allegation that the grocery company was a partnership composed of Sam Parker and Mrs. Sam Parker, and that said F. K. Parker operated same as agent for said partners, then that said F. K. Parker, trading as City Grocery Company, was the owner of said business and that each and all of the transactions pleaded by appellee was done and performed by said F. K. Parker in his individual capacity as the owner of said City Grocery Company, and not as the agent and manager of said alleged partnership. It prayed for judgment against City Grocery Company in the sum of $182.65, interest and attorney's fees, and for foreclosure of its alleged deed of trust lien, and in the alternative for judgment against F. K. Parker trading as City Grocery Company, and all other relief to which it might be entitled in law or equity.

Defendants Sam Parker and Mrs. Sam Parker answered by general demurrer,

general denial, and specially pleaded the four-year statute of limitation against the note; and specially under oath that City Grocery Company was a partnership composed of them, the said Sam Parker and Mrs. Sam Parker; and that F. K. Parker had not, nor ever had, any interest in said grocery company, except as an employee. F. K. Parker answered that he was not indebted to Moore Grocery Company in any sum, that said note was the obligation of City Grocery Company, the partnership alleged, and that same had been fully paid off and discharged.

By its second amended original petition, appellee alleged facts as before plead, and that appellants had, acting by and through its agent F. K. Parker, within four years prior to the filing of the suit, and subsequent to the falling due of the note sued upon, in writing acknowledged that the debt was just and due and promised to pay same.

The case was tried to the court with a jury, but when the evidence was closed, on motion of appellee, the court instructed the jury to return a verdict for appellee, which was done, and judgment rendered for appellee against "City Grocery Company, a partnership composed of Mrs. Sam Parker and Sam Parker," in the sum of $327.93, and for foreclosure of the asserted deed of trust lien. The judgment was in favor of F. K. Parker that appellee take nothing as against him by its suit. Appellee filed a remittitur of that portion of the judgment foreclosing the deed of trust lien on the land alleged to have been covered by the deed of trust.

The judgment will have to be reversed because:

■ (a) The undisputed evidence showed that the note was executed on April 22, 1931, by "City Grocery, per F. K. Parker." It was due on June 15, 1931. There is no evidence that Sam Parker, or Mrs. Sam Parker, authorized F. K. Parker to execute the note for them. F. K. Parker testified that neither of them knew anything about the execution of the note. Whether F. K. Parker had authority to execute the note was a question of fact for the jury and the court could not take the question from the jury and find it himself, which he did by instructing the jury to find for the plaintiff Moore Grocery Company.

(b) Appellants Sam. Parker and Mrs. Sam Parker pleaded the statute of four years' limitation against the note; that is, the note was more than four years past due

when they were sued on the same. It was dated April 22, 1931. It was due June 15, 1931. The suit was filed against them on December 17, 1935, more than four years after the note was due. Appellee pleaded that appellants, by their agent F. K. Parker, had admitted the justness of the debt and promised to pay same, after the note was four years past due, and so limitation was not a defense. This contention is based upon a letter written by F. K. Parker to appellee in response to a letter received by him, which reads:

"San Augustine, Tex., 1/8/1935.
"Moore Grocery Company
"Tyler, Texas.
"Gentlemen:
"Regarding the Lawsuit Moore Grocery Co. v. F. K. Parker.
"I agree to settle this case in full by the 15th of May, 1935, or I will agree to make deed covering the land you have deed of trust on without lawsuit. This deed to be signed by City Grocery Company by F. K. Parker, manager, San Augustine, Texas.
"[Signed] City Grocery Co.
"By F. K. Parker."

■ It is seen that this letter was written by F. K. Parker, who the evidence showed was only an employee or clerk in the store. There is no evidence that he was authorized by Sam Parker and Mrs. Sam Parker, the partners in the business, to write this letter in their behalf or to make any offer to avoid a lawsuit. In fact, there was no evidence to show that either of them ever heard of the letter until it was offered in evidence in the trial of the case. Whether he had such authority was a question of fact for the jury, and the court could not take the question from the jury and answer it himself by instructing the jury how to render their verdict.

■ (c) Plea of payment was interposed by appellants. This was based upon these facts: Two payments, one of $115 and one of $100, had been made on the note. This left $182.65 of the principal unpaid; the suit and judgment was for this amount. Appellants contend that an agent of appellee backed a truck into a soda fountain of appellants' grocery damaging same in an amount of more than $200—a greater amount than appellee owed on the note. There was evidence that appellant took the matter of damages to the soda fountain up with appellee, it acting through its authorized agent to investigate and adjust the matter, and that upon investigation by said

agent it was agreed that appellee would make good to appellants their said damages, but which appellee had not done. This was pleaded as a set-off against the balance due upon the note. While it is the law, as contended by appellee, that an undetermined unliquidated demand of this nature cannot be set off against an ascertained and liquidated demand, still such can be done by agreement of the parties. Appellants here plead such agreement, and it was proven upon the testimony of F. K. Parker, not opposed by the testimony of any witness. This was a question of fact for the jury, and the court was not authorized to take the same from the jury and determine it himself as he did by instructing the jury what their verdict should be.

The judgment is reversed, and the cause remanded for a new trial.