PETERSON v. GRAHAM–BROWN SHOE CO. (No. 5957.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1918. Rehearing Denied Feb. 20, 1918.)

1. PLEADING ⬀292—VERIFICATION—"OPEN ACCOUNT"—WHAT CONSTITUTES.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, requiring a verified denial in suit on "open account," supported by affidavit, the mere fact that the account sued on consisted of a single transaction did not show that it was not an open account.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account.]

2. APPEAL AND ERROR ⬀204(5)—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

Assignment of error, objecting to the form of the affidavit alleging that the account sued on under Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, was as stated, with all "lawful ·off-sets," is not reviewable, in the absence of objecvit shall employ the words "just and lawful off-sets," is not reviewable, in the absence of objection to the admission of the account in evidence;

3. ACCOUNT, ACTION ON ⬀6(2) — VERIFIED DENIAL—SUFFICIENCY.

In action on open account, a verified answer containing a general denial, a special denial of each item of the account, and a denial

of indebtedness did not comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, and did not overcome the prima facie case made by plaintiff's sworn account.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the Graham-Brown Shoe Company against C. T. Peterson. Judgment for plaintiff, and defendant appeals. Affirmed.

McCollum Burnett, of San Antonio, for appellant. W. H. Kennon and H. A. Hirschberg, both of San Antonio, for appellee.

SWEARINGEN, J. This is a suit upon an open account by Graham-Brown Shoe Company, appellee, against C. T. Peterson, appellant, for $267.22. The cause was submitted to the court·without a jury and judgment rendered in favor of appellee for the alleged amount. Appellee alleged:

"That heretofore, to wit, on or about the 31st day of October, A. D. 1916, the plaintiff sold and delivered to the defendant at his special instance certain goods, wares, and merchandise specified in the duly itemized and verified account hereto annexed, marked 'Exhibit A,' and made a part of this petition, and the defendant promised and agreed to pay plaintiff on demand the reasonable market value of said goods, and the amount charged in said account mentioned is the reasonable market value thereof at the time of such sale and delivery, to the total amount of $269.40. That defendant is entitled to and has received credit for merchandise returned to the amount of $2.18, leaving a balance due plaintiff of $267.22, which balance, though often requested, defendant has failed and refused to pay, and still so refuses, to plaintiff's damage in said sum of $267.22."

The Exhibit A, referred to and made a part of the petition, is as follows:

"Dallas, Texas, Dec. 12, 1916.

"C. T. Peterson, San Antonio, Texas, in account with Graham-Brown Shoe Company, Shoe Manufacturers and Jobbers, Market and Elm Streets.

| | | |
|---|---|---|
| Oct. 31. 30/Net | | $269.40 |
| " 30. By Mdse. returned | | 2.18 |
| | | $267.22 |

"Exhibit A.

"Graham-Brown Shoe Co., Manufacturers and Jobbers of Boots and Shoes, Exclusive Agents for Hood Rubber Co., Cor. Elm & Market Sts.

"Dallas, Texas, Oct. 31, 1916.

"Sold to C. T. Peterson, San Antonio, Texas. Terms, 30 days net.

| | | | | |
|---|---|---|---|---|
| 797 | 72 | Ladies' Vici | 1.25 | 90.00 |
| 718 | 36 | Ladies' Vici Cong | 1.25 | 45.00 |
| 664 | 36 | Ladies' One Strap | 1.00 | 36.00 |
| 736 | 36 | Ladies' Blucher | 1.40 | 50.40 |
| 426 | 12 | Men's Vici Blu | 2.00 | 24.00 |
| 425 | 12 | Men's G. M. Blu | 2.00 | 24.00 |
| | | Duplicate Invoice. | | $269.40 |

"State of Texas, County of Dallas.

"Before me, the undersigned authority, on this day personally appeared F. H. Kidd, Agt. Graham-Brown Shoe Company, who being duly sworn states upon oath that the account hereto attached against C. T. Peterson aggregating the sum of two hundred and sixty seven & $22/100$ dollars is within his knowledge just and ·true,

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that it is due, and that all lawful offsets, payments and credits have been allowed.

"F. H. Kidd.

"Subscribed and sworn to before me this 12th day of Dec. 1916.

"[Seal.]     W. H. Keller,

"Notary Public, Dallas County, Texas."

Appellant did not file a written denial under oath, stating that such account is not just or true in whole or in part, and, if in part only, stating the items and particulars which are unjust. On the contrary, the answer admitted that the items were purchased at the prices alleged; that all the items of the account alleged were delivered. The answer avers that great delay in delivery and failure to ship other goods also ordered caused appellant damages, pleaded in offset of appellee's demand. The only evidence introduced was the verified account offered by appellee.

[1] The first assignment, which we overrule, is that the court erred in rendering the judgment, because, as appears from the proposition, the account, being a single transaction, is not an open account as contemplated by the statute. Vernon's Sayles' Ann. Civ. St. 1914, art. 3712. The proposition has been determined adversely to appellant's contention:

"It is true that it was but a single purchase, but this does not prevent it from constituting an open account. The account in question shows a sale of the goods by appellee to appellant, stating the price charged therefor, and in every particular conforms to what is regarded by the authorities as an open account; and was therefore, when properly verified, as in the instant case, prima facie evidence upon which appellee is entitled to judgment, in the absence of proof impeaching its validity or showing its incorrectness." Rockdale Mercantile Co. v. Brown Shoe Co., 184 S. W. 281; Davidson v. McCall Co., 95 S. W. 32.

[2] The second assignment assails the correctness of the judgment, with the proposition that the form of the affidavit does not conform to the statutory requirement, in that the word "just" preceding the words "and lawful offsets" in the statute (article 3712) is omitted from the affidavit. The contention is that "just" and "lawful" are not synonymous terms, and that the omission of the word "just" is fatal to the affidavit. This assignment does not complain of the order of the court overruling an objection to the introduction of the affidavit in evidence over timely objection; hence this assignment does not present for our consideration the sufficiency of the affidavit. "The sufficiency of the verification of the account affects merely the admissibility of the account in evidence, and its sufficiency is to be questioned by an objection to its admission in evidence." 1 Corpus Juris, 667, § 197, note 86, citing Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249; Locke v. Farley, 41 Mich. 405, 1 N. W. 955.

If the form of the affidavit rendered it inadmissible in evidence, appellant could have objected to the ruling of the court admitting it, and brought the question for review by a proper bill of exceptions; but no error is assigned on the ruling of the court which admitted the affidavit in evidence. The second assignment is overruled.

[3] The third assignment complains that the judgment is error, because appellant filed a sworn denial of the justness and truth of the account alleged, which action, under the statute, destroyed the effect of appellee's sworn account as prima facie evidence, and required appellee to prove allegations. The affidavit of appellant does conform to the requirement of the statute (article 3712). Appellant's affidavit is:

"C. T. Peterson, the defendant in the above cause, having read the foregoing answer, makes oath to the correctness of the allegations denying the justness of the account sued on herein.

"C. T. Peterson.

"Sworn to and subscribed before me this the 30th day of December, A. D. 1916.

"[Seal.]     T. J. Newton,

"Notary Public in and for Bexar County, Texas."

From this affidavit it seems that appellant "makes oath" to the correctness of something. What is it that appellant swears is correct? The answer is: "The allegations denying the justness of the account sued on." What are those allegations denying the justness of the account? There are three separate paragraphs in the answer containing allegations denying the justness of the alleged account. The first paragraph is a general denial of all the allegations in appellee's petition. The second paragraph specially denies each and every item of the account sued on, and says the same is not just, true, due, or owing. The third paragraph is:

"Defendant neither admits nor denies purchasing the merchandise alleged in paragraphs 2 and 3 of plaintiff's petition, but denies owing plaintiff anything on account thereof by reason of the facts hereinafter stated."

The facts thereafter stated in the answer constitute appellant's cross-action for damages for delay in shipment and failure to deliver other goods. It thus appears that appellant's affidavit is not definite and specific, for it is uncertain which "allegations denying the justness of the account" are meant. Neither the allegations of the general denial nor of the special denial could be the allegations referred to in the affidavit, because they are admitted to be untrue in the third paragraph of the answer, wherein it is alleged that appellant does not deny that he purchased the goods itemized in appellee's account, but explains that he ought not to pay for them because of his offset. We must therefore conclude that the only allegations denying the justness of appellee's account are the allegations in the third paragraph. The allegations in this third paragraph admit the correctness of the account, but allege the account unjust because of an offset for damages alleged by appellant.

Appellant's answer was not sufficient to deprive appellee of the statutory right to have his verified account taken as

prima facie evidence. Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex. Civ. App. 295, 122 S. W. 66. The third assignment is overruled.

The judgment is affirmed