## DUREE v. ÆTNA INS. CO. et al.
### No. 4121.

Court of Civil Appeals of Texas. Amarillo.
Dec. 13, 1933.

Chas. H. Dean, of Dimmitt, for appellant.
Kay G. Cowsert, of Dimmitt, for appellees.

MARTIN, Justice.

This case must be reversed, and we discuss only such questions as we think might arise on any future trial.

Appellee filed suit against appellant and others, alleging, in part:

"That the defendant Wade H. Parks resides beyond the limit of this state and his address is unknown and cannot be reached by the ordinary process of law, that he is actually insolvent and that plaintiff is dismissing this suit as to said Wade H. Parks; * * *

"That on or about August 14, 1929, plaintiff made, constituted and appointed defendant Wade H. Parks its agent to act for and represent said plaintiff as an insurance agent, writing and issuing fire, tornado, and other allied lines of insurance protection.

"That on the date aforesaid in connection with said agency, and as a part of the agreement of said agency, defendant Wade H. Parks executed a bond as principal in favor of plaintiff in the sum of $1,000, conditioned that said principal would faithfully perform all the duties of said agency and pay over to said plaintiff all moneys received by said agency belonging to plaintiff.

"That said bond aforesaid was signed and secured by defendant E. S. Parks and W. D. Duree as sureties for said principal Wade H. Parks, which is more fully shown by a copy of said bond hereto attached, marked amended exhibit 'A' and made a part hereof.

"That subsequently and in due course of business the said defendant Wade H. Parks became indebted to plaintiff in the sum of $148.92 as more fully shown by the itemized and verified statement of the account of said agency, which is hereto attached, marked amended exhibit 'B' and made a part hereof."

Error is claimed in the admission of certain testimony intended to prove insolvency of the principal obligor, Wade H. Parks. The other allegations under article 1987, R. S. 1925, being sufficiently proven, the alleged error was harmless. By the express terms of article 1987, the surety upon a contract may be sued without joining the principal obligor, where "his residence is unknown and cannot be ascertained by the use of reasonable diligence, or he resides beyond the limits of the state, or where he is actually or notoriously insolvent." It is not necessary to prove all these; any one being sufficient. In proving the first two of these, several post cards received from Parks were referred to by the witness. If the contents of these cards are placed before the jury by secondary evidence, a proper predicate should be first laid by proof of their loss or destruction.

Insolvency, simply and briefly stated, "means an insufficiency of property and assets to pay debts." San Antonio Hdw. Co. v. Sanger (Tex. Civ. App.) 151 S. W. 1104; 32 C. J. 805. This definition will indicate the extent and character of proof necessary if the matter is gone into on another trial.

In making proof of its case, appellee introduced, over proper objection, a verified

account showing a balance of $148.92 due it by Parks, and rested. Appellant offered, but was refused, the right to disprove certain items therein contained; this because no written denial under oath, stating that such account was not just or true, etc., was filed by appellant as required by article 3736, R. S. 1925. In both these matters the court erred. The scope of article 3736 has been broadened by an act of the 1931 Legislature (chapter 239 [Vernon's Ann. Civ. St. art. 3736]), but not to cover a transaction between third parties. Suit was not against appellant upon this account. His obligation to pay arose from the bond sued upon, breach of which was provable by evidence that certain moneys had been collected for appellee and not paid to it by Parks. Appellant was a stranger to the transactions between appellee and Parks, to which the said account relates. As aptly stated by the Supreme Court in discussing the above statute: "The law does not permit, much less encourage, guesswork in swearing." McCamant v. Batsell, 59 Tex. 363. The appellant could not be expected to have personal knowledge of transactions occurring between appellee and Parks. This is one of the reasons that the verified answer mentioned in article 3736 is not required. The account, though verified, is hearsay as to appellant, and, in the absence of a permissive statute, is inadmissible. We have none such; article 3736 not being applicable to a case of this character. McCamant v. Batsell, supra; Coleman v. Anheuser-Busch Brewing Co. (Tex. Civ. App.) 39 S. W. 1088.

The respective dates of the transactions between Parks and appellee should be alleged, as well also as the fact that Parks had failed to pay appellee.

These observations we think will furnish a sufficient guide for another trial of the case.

Reversed and remanded.