## CHISOS MINING CO. v. CHICAGO PNEUMATIC TOOL CO.

### No. 3965.

Court of Civil Appeals of Texas. El Paso.

June 27, 1940.

Rehearing Denied July 13, 1940.

Mae M. Ament and Wigfall Van Sickle, both of Alpine, for appellant.

Frank O. Ray, of Alpine, and Loomis & Kirkland, of El Paso, for appellee.

PRICE, Chief Justice.

This suit was instituted in the District Court of Brewster County by Chicago Pneumatic Tool Company, as plaintiff,

against Chisos Mining Company, as defendant.

The parties here will be designated as they were in the trial court.

Plaintiff sought to recover of defendant the averred reasonable price of personal property alleged to have been furnished to defendant at its special instance and request. The article in question was an engine-head, alleged to have been furnished by plaintiff to defendant on or about the 4th day of June, 1937, the price to be $626.-25. Attached to plaintiff's petition, and referred to therein, is a verified account showing the value of the property to be $626.25, and also an enumeration of the component parts of the engine-head or front. The various component parts of the front are enumerated, but the price of each part is not given.

Defendant answered by general exception, special exceptions, general denial, and special plea in the nature of an accord and satisfaction of the account, and by way of cross action sought to recover of plaintiff about $5,000. The grounds of cross action, insofar as complaint is made as to defects in a certain engine charged to have been manufactured by plaintiff and to have been defective, seem to sound in tort. It is not alleged that the engine in question was purchased by defendant from plaintiff, but that same was manufactured by plaintiff. All damages sought were unliquidated.

Plaintiff filed a supplemental petition wherein it specially excepted to the special plea in bar pleaded by defendant, addressed other special exceptions to defendant's counter claim and cross action on grounds same were unliquidated and uncertain damages growing out of an alleged tort, and could not be alleged or set-off as a counter claim against plaintiff's claim.

The court overruled the special exceptions of defendant, and sustained the special exceptions of plaintiff to the matters pleaded in bar and by way of cross action and counter claim.

Defendant duly preserved in the order its exceptions to the court's action.

Defendant did not ask leave to amend, and the only plea going to the facts was defendant's general denial.

At the close of the evidence the court instructed the jury to return a verdict in favor of plaintiff in the sum of $626.25.

On the verdict the court entered judgment and it was further provided therein that defendant's cross action and counter claim be dismissed. Defendant filed motion for a new trial, which was overruled, and then duly perfected this appeal.

Error is assigned as to the overruling of the special exceptions presented by defendant, and as to the sustaining of certain special exceptions presented by plaintiff to defendant's answer. It is further urged that the judgment is not supported by the evidence.

The special exceptions urged by defendant are in section 2 of its answer, subdivided into five parts.

■ Part 1 asserts that the affidavit to the account is not in due form, in that it does not state that "all offsets, payments and credits 'known to affiant" (have been allowed, we presume). The affidavit states that "all just and lawful offsets, payments and credits have been allowed." In this respect we think the affidavit is sufficient, but we do not mean to hold that the affidavit to an account may be attacked in this way. This subject we will presently discuss.

■ Part 2 asserts that the petition and account show the suit to be for the value of certain equipment, parts, repairs, goods and merchandise, and is not such an action on open account as is contemplated by Article 3736, R.S.1925, Vernon's Ann.Civ. St. art. 3736, and further that the part of the action for equipment, parts, repairs, etc., is not segregated from that part of the account which is stated as being for goods, wares and merchandise. Suffice it to say, the account and petition show the action to be for the reasonable price of personal property. The general allegation complained of is in the petition, but the specific allegations show with certainty the character of the action, and that same is an action on open account for the reasonable price of goods, wares and merchandise.

■ Part 3 is that the account is not properly verified. The affidavit in question contains this statement: "That same is founded on open account or other claim for goods, wares and merchandise, or liquidated money demands based on written contract, or on business dealings between the parties, or for professional services, as shown therein, on which systematic records have been kept by the claimant."

Now it is clear that disjunctively it is sought to include all matters included in Article 3736, R.S.1925, as amended in 1931, Vernon's Ann.Civ.St. art. 3736. This amendment enlarged the nature and character of claims to which same was applicable. This, however, is aside from the question presented here. Here we have the question sought to be presented as to the sufficiency of the affidavit where, disjunctively or alternatively, all the situations to which the law is applicable are stated.

We are convinced that the better practice would be to make the affidavit more specific as to the nature and character of the transaction relied upon. However, in our opinion, the sufficiency of an affidavit to an account cannot be raised by special exceptions to the pleading. The mere attaching of such purported verified account to the petition does not constitute the same evidence. The account must be offered in evidence. When so offered, if objection is made thereto on account of the insufficiency of the affidavit, the question then arises. It does not arise on the demurrer. Peterson v. Graham-Brown Shoe Co., Tex.Civ.App., 200 S.W. 899; Maxwell v. Winner Gas Stove Co., Tex.Civ.App., 263 S.W. 944; 1 Corpus Juris, p. 664, sec. 193; p. 667, sec. 197.

Parts 4 and 5 of the special exception charge in substance the same as the preceding exception which we have discussed, that the petition fails to show what part of the account is for equipment, repairs, goods and merchandise. We think this is without merit. The petition shows that it seeks to recover for the price of a specific piece of tangible personal property, and further lists the component parts of such piece of property.

Error is assigned to the sustaining by the court of plaintiff's special exception No. 3 to paragraphs 6, 7 and 8 of defendant's answer. Special exception No. 3 contains three subdivisions designated a, b, and c. In substance the special exception challenges the right of defendant to maintain the counter claims and cross actions asserted in said paragraphs, for the reason that its suit was founded on a certain demand; the counter claims alleged uncertain and unliquidated damages, sounding in tort; that the counter claim was not founded on a cause of action arising out of or incident to or connected with plaintiff's cause of action. The matter is governed by Article 2017, R.S.1925.

Paragraph 6 of defendant's answer, to our mind, does not set up either a counter claim or cross action. We are further of the opinion that it does not set up any defense to the cause of action asserted by plaintiff. It seems, as we gather from paragraphs 5 and 6, that the head of an engine owned by defendant blew off; this engine was manufactured by plaintiff. But it is not charged plaintiff sold the engine to defendant. It is charged that the original casting of the head of the engine was defective, and parts of same had been welded, or blowholes were discernible; the engine fell to pieces and was unfit for use; that thereby plaintiff was guilty of gross negligence and fraud on the defendant, which was the cause of the collapse of the engine and injury.

No. 7 refers to this same engine. By reason of a collapse of this engine defendant was compelled to order a new head, and suffered a thirty-day loss of the use of said engine, which resulted in loss and injury to defendant, in not being able to operate its mine, to the extent of $1,500.

It is further averred that on another engine, denominated a Benc engine, there was a necessity for a new cylinder, but the plaintiff refused to furnish the cylinder for the Benc engine until the account upon which the suit in question was based was paid and settled; that on account of plaintiff's refusal it became necessary to remove the engine in question from the Mariposa Mine to the Chisos Mine to take the place of the engine with the defective cylinder; that on account of this the operations to the Mariposa Mine were stopped, thereby defendant was damaged to the extent of $1,500. There is not a duty shown to furnish this cylinder. Plaintiff, as to this transaction, acted within its rights.

No. 8 is a plea for exemplary damages.

Now, we do not think any of the paragraphs state any cause of action in favor of the defendant against plaintiff nor any defense to plaintiff's cause of action. This, however, was not the basis of the trial court's action. Hence we will consider as to whether, if a cause of action had been pleaded by defendant, same could, over the objection of the plaintiff, be urged as counter claims or setoffs.

552

The selling of an engine with concealed defects might, as to the original purchaser, be a breach of warranty—it might be fraud; it is possible, if the original purchaser sells to another, that such other might maintain an action for the fraud or misconduct of the manufacturer in the matter alleged. If such cause of action there be, it would certainly sound in tort; the damages would be unliquidated. The matters urged by the purported cross actions do not arise out of the action asserted by plaintiff. In fact it is shown they are in no way connected therewith.

In our opinion, under Article 2017, R. S., above cited, the claims asserted by defendant were not such as could be pleaded over the objection of the plaintiff as counter claims. One is on a contract, the other sounds in tort. Parker et al. v. Moore Grocery Co., Tex.Civ.App., 107 S.W.2d 1083.

■■■ There is no doubt but that in an action on a verified account, even though the account is not denied, anything permitted by law to be pleaded as an offset or counter claim may be so pleaded. McConnon & Co. v. Klenk, Tex.Civ.App., 11 S.W.2d 222, and authorities cited. But it is only such matters as are permitted by law to be so used as a counter claim that may be so set up. Likewise, there are certain affirmative defenses, such as payment, that may be pleaded in defense to an action on a sworn account. By assignment there is not raised the question as to the court's sustaining an exception to that part of defendant's answer attempting to set up an accord and satisfaction.

Defendant did not, by sworn answer, put the account of plaintiff in issue. The record shows no objection was urged to the admission of the sworn account in evidence. See Peterson v. Graham-Brown Shoe Co., supra.

We find no reversible error in the case, and same is affirmed.