Sam M. ENG, Appellant,

v.

J. D. WHEELER, Receiver of General American Casualty Company, Appellee.

No. 13193.

Court of Civil Appeals of Texas.

San Antonio.

April 17, 1957.

Rehearing Denied May 15, 1957.

Herman W. Mead, Houston, for appellant.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellee.

BARROW, Justice.

This suit was instituted by J. D. Wheeler as receiver of General American Casualty Company, in the form of an action on a sworn account against Sam M. Eng. The amount sued for was $257.81, alleged to be due by Sam M. Eng as agent for General American Casualty Company, $111.70 of which was the commissions retained by him on unearned premiums on policies cancelled by order of the 126th District Court

of Travis County, Texas, on July 8, 1954. The balance of said amount was made up of alleged unsettled accounts with said company. The defendant answered by sworn denial; however, he did not contest the correctness of plaintiff's figures, but challenged the correctness of the account as a lawful charge against him. He then counter-claimed against plaintiff, also in the form of a sworn account, in which he alleged that he had settled with his customers who had cancelled policies issued by said company, either by paying them in cash for the unearned portion of their respective premiums, or by re-insuring them in some other company, and further alleged that he had assignments of their claims against said company for the amounts thereof. The amount of defendant's counter-claim was $291.69. This was made up of a claim of $315.06 for refunds and settlements with policyholders, along with other claimed debits and credits, which brought the final balance down to $291.69. The plaintiff did not file a sworn denial to this pleading.

The case was tried to the court without a jury. The court rendered judgment for plaintiff on his account, and that defendant take nothing on his account. This appeal is from that judgment.

Appellant attacks the judgment upon three points:

A. That the court erred in denying his counterclaim based upon open account in the absence of sworn denial thereof by appellee.

B. That the court erred in permitting recovery by plaintiff in the absence of proof by him that policyholders had made claim for the return of premiums.

C. That the court erred in failing to support the judgment rendered with any conclusions of law.

It is not disputed that on July 8, 1954, the District Court of Travis County, Texas, rendered judgment placing the General American Casualty Company in receiver-ship and appointing appellee, J. D. Wheeler, receiver, cancelling policies then in force, ordering the receiver to collect the assets of the company, and empowering him to maintain suits for that purpose. It is also not disputed that appellant was an agent of said insurance company, by virtue of a written contract between himself and the company.

■ We shall discuss appellant's first and second points jointly. The contract between appellant and the insurance company expressly provided that in the event of cancellation of any policy or any refund of premiums should be due, the agent should return to the company the pro rata portion of commissions on the unearned premium due to the policyholder. Therefore, when the policies referred to in appellee's account were cancelled by court order, the return of the unearned premiums on the policies to the holders became the obligation of the appellee. And under the contract appellant became indebted to the appellee to the extent of his pro rata portion of such unearned premiums. In other words, appellee became debtor to the policyholders and the appellant became debtor to appellee, regardless of whether the policyholders had made claim for the return of such premiums or not. Appellant was under no obligation to refund the unearned premiums to the policyholders, and this action by appellant, being voluntary, created no liability on the part of appellee to him thereon. Wheeler v. Metteauer, Tex.Civ. App., 283 S.W.2d 95, and authorities there cited. We overrule appellant's second point.

■ As for appellant's first point, Rule 185, Texas Rules of Civil Procedure (formerly Article 3736, Vernon's Ann.Tex. Stats.), does not apply to nor cover transactions between third parties, or parties who are strangers to the transaction. Such accounts, though verified, are hearsay as to such parties, and in such case the stranger may controvert and disprove the account, although he does not file a written

denial under oath. McCamant v. Batsell, 59 Tex. 363; Duree v. Aetna Ins. Co., Tex. Civ.App., 66 S.W.2d 764. Appellee, being a stranger to the transaction between appellant and the policyholders, could not be expected to have personal knowledge thereof. Hence, as said by Judge Stayton in McCamant v. Batsell, supra:

"It is not believed that a debt which is not the result of a transaction between the parties to it, and in reference to which they have equal means of knowledge, but which is the result of a transaction between one of them and some other person, can constitute such an account as the statute contemplates may be proved by the affidavit of a plaintiff, or as a defendant will be compelled to deny in whole or in part under oath, before he will be permitted to introduce evidence to disprove a prima facie case which the statute contemplates may be made by the affidavit. * * *

"The law does not permit, much less encourage, guesswork in swearing; * * *."

We conclude that under the authorities the trial court correctly permitted appellee to controvert appellant's account, notwithstanding his failure to answer under oath. Moreover, the trial court correctly held that appellee was entitled to recover the above mentioned unearned commissions and that, as a matter of law, under the facts in this case appellant is not entitled to recover the amount of unearned premiums he had voluntarily returned to his policyholders. That these claims constitute general claims against the receivership, to be adjusted along with other general creditors. To hold otherwise would make the holders of these claims preferred creditors. Appellant's first and second points are overruled.

Appellant's third point is without merit, for the reason that the trial court did make and file conclusions of law, which are contained in the record, and we think these conclusions support the judgment. Moreover, the appellant waived any such complaint. Rule 297, T.R.C.P.

The judgment is affirmed.