C. G. JOHNSON, Appellant,

v.

Lee WALKER, Appellee.

No. 13536.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 9, 1959.

Rehearing Denied Jan. 6, 1960.

Strickland, Wilkins, Hall & Mills, Mission, for appellant.

James E. Little, Edinburg, for appellee.

BARROW, Justice.

Lee Walker filed suit against C. G. Johnson and F. W. Chandler in the County Court at Law to recover for services, labor and material alleged to have been furnished. Plaintiff's petition was in the nature of an action on sworn account, with an account of services, labor and material attached thereto.

Chandler was dismissed as a party defendant by amendment. The trial was to the court without a jury and judgment was rendered for plaintiff, Lee Walker. This appeal is from that judgment. The parties will be referred to as plaintiff and defendant, as they were in the trial court.

Plaintiff, Walker, was the only witness in this cause in the trial court. He testified that he was in the contracting business which included mud business, the delivering of mud and hauling of wet mud; that he was acquainted with defendant, Johnson, and that a man farming for Johnson called him for two trucks of mud; that he told plaintiff he was using a tank for water, and the water was leaking out of the tank and he wanted the mud to seal the tank over; that pursuant to this request plaintiff placed mud in the tank. He further testified that he did not talk to Johnson about the mud, and that the only man he talked to was Chandler.

This is a no evidence case. Plaintiff's verification of the account is insufficient in that the affidavit was made by an agent of plaintiff and failed to allege that the claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed. Plaintiff, however, did not rely on the sworn account and did not offer it in evidence, but attempted to make out his case by proving the several items of the account. In order to prove a cause of action on sworn account, the account must be offered in evidence. Anderson v. Hake, Tex.Civ.App., 300 S.W.2d 663; Griswold v. Carlson, 151 Tex. 246, 249 S.W. 2d 58; Peterson v. Graham-Brown Shoe Co., Tex.Civ.App., 200 S.W. 899.

Plaintiff alleged that the goods were sold and delivered at the special instance and request of defendant, or, in the alternative, at the special instance and request of defendants' agents or representatives, F. W. Chandler and Benny Kotzur and others. Defendant answered by general denial and by special denial that said Chandler or Kotzur, or any other person, had any authority to represent him in making any contract in his behalf or to act for him in the matter.

There is no evidence in the record to show that defendant, Johnson, had anything to do with the transaction. Plaintiff testified that the goods and services were ordered by Mr. Chandler and that he did not talk to Johnson. There is no evidence in the record that Chandler was the agent of Johnson, and no evidence from which

that fact may be inferred. The burden was on plaintiff to prove that Chandler was the agent of Johnson. 2 Tex.Jur. 499, Agency, § 103.

■ In his brief appellant contends for the first time that the judgment should be affirmed on the theory of account stated or on quantum meruit. There is no pleading or evidence in the record which would support a judgment in favor of plaintiff upon the theory of account stated, Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633, nor is there any pleading or evidence which would support such a judgment on the theory of quantum meruit. Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771. There is no evidence in the record that the defendant knew the materials were being delivered nor that the services were being performed. It follows that plaintiff failed to prove his case.

The judgment is reversed and the cause remanded.