**ALTON R. FAIRCHILD, INC., Appellant,**

v.

**M–P COTTON FELT COMPANY, Inc., d/b/a Kay Bedding Company, Appellee.**

No. 16719.

Court of Civil Appeals of Texas.

Fort Worth.

April 29, 1966.

Garrett & Garrett, and Rufus Garrett, Jr., Fort Worth, for appellant.

Ungerman, Hill, Ungerman & Angrist, and Stanford M. Dolginoff, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

A suit properly brought under provisions of Texas Rules of Civil Procedure, rule 185, "Suit on Sworn Account", has almost become qualified as one which is *sui generis* in instances where the defendant in such a suit fails to file a sworn denial within the provisions of said Rule and of T.R.C.P. 93, "Certain Pleas to be Verified".

In said cases, and as applied to the right of the plaintiff to judgment upon the account when he and the defendant have announced ready for trial (assuming no counter-claim, etc., plead by the defendant and upon which he would have the burden of proof) it has been aptly stated that the defendant's only weapon "is a short stick—too short".

Such is the situation presented on the instant appeal. The plaintiff's case was made out on a suit fully qualified as a suit on sworn account, under the provisions of T.R.C.P. 185, when the case was brought to trial and the defendant was "caught" with an unsworn general denial as its only defensive pleading.

That the plaintiff elected to proceed and seemed to prove that it had in fact sold and delivered goods, wares and merchandise to a third corporation and not to the defendant—but under arrangements whereby such was to be done upon the credit of the defendant and with the account and charges to be made and carried in the name of the defendant—would not qualify as a variance between pleading and proof fatal to the recovery of a valid judgment upon plaintiff's cause of action. Appellant, defendant below, contends that

there was a fatal variance and that the judgment for the plaintiff should for that reason be reversed, with the cause remanded to the trial court. Among other authorities it cites Cearley v. Cearley, 331 S.W.2d 510, 512 (Dallas Civ.App., 1960, no writ hist.) and the cases therein discussed. Overlooked is the fact that the plaintiff's suit on sworn account stood proved—as in evidence—when the trial was begun. Therefore the subsequent proof introduced by the plaintiff, though it seemed a variance, would be supplementary and/or additional only—amounting to unnecessary evidence of facts which might or might not have qualified as proof of a different cause of action under other and different pleadings.

The trial court properly rendered judgment for the plaintiff for principal, interest and reasonable attorney's fees.

Judgment is affirmed.