**C. T. ROBERTSON, Appellant,**

v.

**REXALL DRUG & CHEMICAL COMPANY, Appellee.**

No. 16776.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1966.

Arch Dawson, Wichita Falls, for appellant.

Schaeffer & McClure, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

Appellee herein, Rexall Drug Company, a corporation sued appellant, C. T. Robertson, under a guaranty agreement executed by Robertson on October 12, 1962, in which Robertson "guaranties payment of any and all sums that may become due and payable ot Rexall Drug and Chemical Company from * * * Publix Stores, Inc., and I agree to promptly pay any and all said sums upon maturity and demand, whether evidenced by open account, notes or otherwise. This is intended to be and is a continuing guaranty and applies to any and all sums which may become due to Rexall Drug and Chemical Company from Publix Stores, Inc., six months from October 12, 1962."

Exhibit "B", sworn to as a verified account, was attached to the petition, and was later amended as Exhibit "D".

Defendant did not deny the account under oath. Defendant filed an answer in which he plead that certain items were not "sums arising from the sale and delivery of goods to Publix Stores, Inc.," and that such items should be stricken; he specially excepted to other items as being too indefinite to show whether they came within the warranty and pointed out that he was not a party to the sales and hence unable to make a verified denial of the account or any part thereof; in a supplemental pleading he plead that certain named items in Exhibit "D" were not within his guaranty contract; that certain items were sold by plaintiff to Publix Stores before the guaranty became effective.

At the trial plaintiff offered in evidence the verified account stating that the account showed plaintiff was entitled to the sum of $23,449.45, less the sum of $7,643.46 received back "as bankruptcy."

Defendant attempted to offer evidence to prove that part of the indebtedness was in-curred by Publix Stores before defendant signed the guaranty and was therefore not involved in the guaranty.

Plaintiff's objections were sustained to the evidence on the ground defendant had not denied the justness of the account under oath. Defendant's exceptions to the verified account were overruled and judgment rendered for plaintiff in the sum of $15,803.99.

On appeal defendant contends there was no legal or competent evidence to support the judgment; the court erred in overruling his exceptions and in refusing to allow him to offer the evidence as above noted.

Plaintiff has not filed a reply brief.

■ The rule making a verified account prima facie evidence unless a written denial under oath is filed does not apply to or cover transactions between third parties or parties who were strangers to the transactions. Such accounts, though verified, are hearsay as to the stranger, who may controvert and disprove the account without having filed a written denial under oath. 1 Tex.Jur.2d 321, § 71.

The law applicable to the instant case is succinctly set out in Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App., 1957, writ dism.), wherein it was stated:

"As for appellant's first point, Rule 185, Texas Rules of Civil Procedure (formerly Article 3736, Vernon's Ann.Tex.Stats.), does not apply to nor cover transactions between third parties, or parties who are strangers to the transaction. Such accounts, though verified, are hearsay as to such parties, and in such case the stranger may controvert and disprove the account, although he does not file a written denial under oath. McCamant v. Batsell, 59 Tex. 363; Duree v. Aetna Ins. Co., Tex.Civ. App., 66 S.W.2d 764. Appellee, being a stranger to the transaction between appellant and the policyholders, could not be expected to have personal knowledge there-

of. Hence, as said by Judge Stayton in McCamant v. Batsell, supra:

" 'It is not believed that a debt which is not the result of a transaction between the parties to it, and in reference to which they have equal means of knowledge, but which is the result of a transaction between one of them and some other person, can constitute such an account as the statute contemplates may be proved by the affidavit of a plaintiff, or as a defendant will be compelled to deny in whole or in part under oath, before he will be permitted to introduce evidence to disprove a prima facie case which the statute contemplates may be made by the affidavit. * * *

" 'The law does not permit, much less encourage, guesswork in swearing; * *.'

"We conclude that under the authorities the trial court correctly permitted appellee to controvert appellant's account, notwithstanding his failure to answer under oath."

The above rule is recognized in McCollum v. May, 396 S.W.2d 170 (Tex.Civ.App., 1965, no writ hist.); Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958); National Surety Corporation v. Dabney, 282 S.W.2d 70 (Tex.Civ.App., 1955, no writ hist.).

In Duree v. Aetna Ins. Co., 66 S.W.2d 764 (Tex.Civ.App., 1933, no writ hist.), it was held that the surety's obligation arose from the bond sued upon and he could disprove items in the verified account though he did not file written denial under oath as to such items.

In view of the fact that the cause will have to be retried we hold that it is incumbent upon plaintiff to show that the items and services furnished to Publix Stores were such as were properly chargeable to defendant under the terms of the guaranty agreement, and that defendant's proffered evidence heretofore mentioned should be admitted.

Reversed and remanded.