**COMPRESSION, INC., et al., Appellants,**

v.

**JAMES & DILDA, a Partnership, Appellee.**

**No. 15885.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 20, 1972.

Ellis F. Morris, Houston, for appellants.

Diamond & Totz, J. W. Johnson, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted to the plaintiff in an action based on a sworn account. One question is whether judgment against Siboney Corporation was proper, since the allegation that it was doing business as Compression, Inc., was denied under oath, but the sworn account was not denied. The other question is whether judgment against Compression, Inc., *a division of Siboney Corporation,* is proper where Siboney Corporation denied under oath that Compression, Inc., was one of its divisions.

The petition on which the judgment was granted named as defendants Compression, Inc., Siboney Corporation doing business as Compression, Inc., and Compression, Inc., a division of Siboney Corporation. Siboney Corporation filed an answer in which it denied under oath that it was doing business as Compression, Inc., and also that Compression, Inc., was a division of Siboney Corporation. Neither defendant filed a denial of the justness of the account.

An invoice and an affidavit were attached to the plaintiff's petition as an exhibit. The invoice was directed to Compression, Inc. The affidavit states: ". . . That the foregoing and annexed

account, claim, and cause of action in favor of James & Dilda and against Compression, Inc., 11036 Old Katy Rd., Houston, Texas 77043 in the sum of $8,359.00 dollars is within the knowledge of affiant just and true . . ."

Rule 93, Texas Rules of Civil Procedure, provides:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

"(c) . . . that the defendant is not liable in the capacity in which he is sued.

". . . .

"(o) That a party . . . defendant is not doing business under an assumed name or trade name as alleged."

■ Siboney Corporation and Compression, Inc., a division of Siboney Corporation, by filing a sworn denial as required by the quoted rule, placed in issue both the question of whether Compression, Inc., was a division of Siboney Corporation, and of whether Siboney Corporation was doing business as Compression, Inc. Toliver v. Bergmann, 297 S.W.2d 208 (Tex.Civ.App. —San Antonio 1956).

The motion for summary judgment alleged that the answer of the defendants was insufficient in law to constitute a defense to plaintiff's petition. No affidavits setting up facts to support the petition were filed. The summary judgment was granted on the pleadings. There was no evidence that Siboney Corporation was doing business under the name of Compression, Inc., or that Compression, Inc., was a division of Siboney Corporation. Plaintiff failed to establish as a matter of law by summary judgment proof that there is no genuine issue of fact as to essential elements of the alleged cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970).

Appellee says that the sworn answer of Siboney Corporation is insufficient in that its cause of action was based on a verified account in full compliance with Rule 185, T.R.C.P., and that Siboney Corporation did not file a written denial, under oath, as required by this rule, for which reason, in the language of the rule, "he shall not be permitted to deny the claim, or any item therein, as the case may be."

A suit on a sworn account under this rule "applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties)." Meaders v. Biskamp, 159 Tex. 79, 316 S. W.2d 75 (1958).

■ The invoice and the affidavit relied on by appellee show a transaction between appellee and Compression, Inc. Siboney Corporation, by virtue of its denials under Rule 93(c) and (o), stands as a stranger to the transaction. The sworn account made out a prima facie case against Compression, Inc., but not as to Siboney Corporation. Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1968, ref. n. r. e.); Nichols v. Acers Company, 415 S. W.2d 683 (Tex.Civ.App.—Austin 1967, ref. n. r. e.); Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App.—San Antonio 1957, writ dism'd).

The judgment is affirmed insofar as it grants recovery against Compression, Inc. The judgment against Siboney Corporation and Compression, Inc., a division of Siboney Corporation, is reversed and ordered remanded.