J. C. HILTON, Appellant,

v.

MUSEBECK SHOE COMPANY, INC., Appellee.

No. 12099.

Court of Civil Appeals of Texas, Austin.

Jan. 30, 1974.

Rehearing Denied Feb. 20, 1974.

**342**

Douglass D. Hearne, Stayton, Maloney, Black, Hearne & Babb, Mert Starnes, Robinson, Felts, Starnes & Nations, Austin, for appellant.

John F. Morehead, Small, Craig & Werkenthin, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Musebeck Shoe Company sued appellant on a sworn account. Appellant by a sworn answer stated that the goods and wares allegedly sold him were in fact sold to Hilton Foot-So-Port Shoes, Inc., a Texas Corporation chartered and existing during the period of time alleged by appellee, and still an existing corporation and further that appellant was not liable in the capacity in which he was sued nor liable in any other capacity.

By way of a special exception appellant directed the court's attention to appellee's original petition contending that the exhibit attached to appellee's petition, as Exhibit "A," was insufficient and incapable of supporting an action on a sworn account in that the exhibit did not allege with the requisite specificity so as to put appellant on notice of those goods, wares and merchandise allegedly involved.

Trial was to the court sitting without a jury pursuant to which judgment was rendered for appellee for the amount prayed for in the sworn account.

Appellant is before us on two principal points of error either of which, in our judgment, requires a reversal of this judgment.

The trial court erred in concluding as a matter of law that appellant's answer does not conform to the requirements of Rule 185, Texas Rules of Civil Procedure, and in entering judgment for appellee based upon this conclusion.

At trial appellant introduced testimony in support of the allegations in his answer which allegations are stated above. Rule 185, T.R.C.P. provides that a properly pleaded sworn account is to be taken as prima facie evidence "unless the party resisting such claim shall . . . file a written denial, under oath, stating that each and every item is not just or true . . . ." Appellant failed to file such a sworn written denial; however, he filed a verified plea under Rule 93(c), T.R.C.P. which raised the issue that appellee was not entitled to recover in the capacity in which he had sued, or that the defendant was not liable in the capacity in which he had been sued. A denial that a defendant is not doing business under an assumed name or trade name (as was alleged) is required to be verified by Rule 93(*o*), T.R.C.P. Appellant properly raised both of these affirmative defenses by his verified first amended original answer, but the trial court overruled these defenses and held as a matter of law that his answer failed to conform to the requirements of Rule 185, T.R.C.P. This was error under this Court's decision in Nichols v. Acers Company, 415 S.W.2d 683 (Tex.Civ.App.1967, writ ref. n. r. e.) and in Starlight Supply Company v. Feris, 462 S.W.2d 608 (Tex. Civ.App.1970). Also see McCamant v. Batsell, 59 Tex. 363; Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App.1968, writ ref. n. r. e.) These cases state that the rule

which makes a verified account prima facie evidence unless a written denial under oath is filed does not apply to or cover transactions between third parties who are strangers to the transaction.

■ The court also erred in overruling appellant's special exception. A party seeking to recover on a sworn account is required by Rule 185, T.R.C.P. to plead and prove that he furnished labor or materials and that he has kept a systematic record pursuant thereto. Appellee attempted to comply with this requirement by attaching to its petition copies of what appear to be ledger pages containing dates, invoice numbers, charges and credits. However, at no time did appellee plead or prove, as challenged by appellant's special exception, any invoices or other documents reflecting the basis of the alleged account in terms of type of merchandise, its quantity, cost, or other identifying factors. Nor was there any showing that the prices charged therefor were either agreed upon or were reasonable and customary. United States Insulation Sales Corporation v. Jones-Blair Company, 491 S.W.2d 226 (Tex.Civ.App.1973); Williamsburg Nursing Home, Inc. v. Paramedics, 460 S.W.2d 168 (Tex.Civ.App.1970).

Judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing by this suit.

Reversed and Rendered.

O'QUINN, Justice (concurring).

The judgment of the trial court is subject to reversal upon either of two grounds.

The trial court, after making findings of fact pertaining to reasonable attorney's fees for counsel representing Musebeck Shoe Company, concluded that as a matter of law Hilton's answer did "not conform to the requirements of Rule 185," that Hilton was liable to Musebeck for attorney's fees, and that judgment should be entered for Musebeck on the open account and for attorney's fees.

It is immaterial that Hilton's answer did not conform to Rule 185. Under the facts of this case Hilton was a stranger to the transactions between Musebeck Shoe Company and the Hilton Foot-So-Port Shoes, Inc. Musebeck sued Hilton alone and did not join the corporation. Hilton was permitted by the trial court, over objection of Musebeck, to prove that no merchandise was sold to Hilton individually, but that shipping invoices sent by Musebeck, as well as correspondence from Musebeck, were addressed to the corporation and not to Hilton as an individual, and that payments to Musebeck were made by the corporation, not by Hilton. The trial court properly permitted Hilton to make such proof, since Hilton, in his verified answer, pleaded that the goods set forth in Musebeck's petition were not sold to Hilton but were in fact sold to the corporation, and denied that he was liable in any capacity for the corporation's debt.

Musebeck's account, though verified, was hearsay as to Hilton, and as a stranger to the transactions between Musebeck and the corporation, Hilton had the right to controvert and disprove the account without filing a written denial under oath in conformity with Rule 185. McCamant v. Batsell, 59 Tex. 363 (1883); Duree v. Aetna Insurance Co., 66 S.W.2d 764 (Tex.Civ. App. Amarillo 1933, no writ); Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App. San Antonio 1957, writ dsmd.); Robertson v. Rexall Drug and Chemical Company, 410 S.W.2d 200 (Tex.Civ.App. Fort Worth 1966, no writ); Nichols v. Acers Company, 415 S.W.2d 683 (Tex.Civ.App. Austin 1967, writ ref. n. r. e.); Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App. Corpus Christi 1968, writ ref. n. r. e.); Sampson v. Apco Oil Corporation, 476 S.W.2d 430 (Tex. Civ.App. Amarillo 1972, no writ); Compression, Inc. v. James and Dilda, 481 S. W.2d 458 (Tex.Civ.App. Houston 1st 1972, no writ).

It was error for the trial court to enter judgment against Hilton individually on the account and to hold him for attorney's fees incurred by Musebeck. Hilton's proof under his pleadings was uncontradicted that the transactions sued upon were be-

tween Musebeck and the corporation and not between Musebeck and Hilton.

On appeal Hilton also urges that there was no evidence introduced to support the judgment. The record does not disclose that Musebeck offered the account in evidence. Attaching a purported verified account to plaintiff's petition did not constitute proof. The account must be offered in evidence. Chisos Mining Co. v. Chicago Pneumatic Tool Company, 142 S.W.2d 549 (Tex.Civ.App. El Paso 1940, writ dsmd. jdgmt. cor.); Johnson v. Walker, 330 S. W.2d 508 (Tex.Civ.App. San Antonio 1959, no writ).

No evdience was offered to support Musebeck's claim against Hilton. The only evidence on accountability for the claim was Hilton's testimony and documentary evidence that the transactions were between Musebeck and the corporation and not with Hilton personally. In either instance it was error for the trial court to enter judgment against Hilton.

The judgment is properly reversed and judgment here rendered that appellee Musebeck take nothing.

Reversed and Rendered.

SHANNON, Justice (concurring).

I agree that the judgment should be reversed, but I file this opinion to state my reasons for reversal.

Appellee, Musebeck Shoe Company, Inc., sued appellant, J. C. Hilton, upon a sworn account. Upon trial to the court, judgment was entered by the district court of Travis County in favor of appellee for $4,109.91 and attorneys' fees.

In answer to appellee's petition, appellant filed a plea in abatement to the effect that the goods set forth in appellee's petition were not sold to appellant but rather to a corporation, Hilton Foot-So-Port Shoes, Inc. In addition, appellant pleaded in paragraph IV of his answer that " . . . the claim alleged in Plaintiff's Original Petition which is the foundation of Plaintiff's action, including Exhibit 'A' is not just or true in whole or in part." Both the plea in abatement and the pleading in paragraph IV were supported by an oath by appellant that such were "in every respect true and correct."

After proving up attorneys' fees and introducing appellant's answer, appellee rested. Appellant opened his case by calling J. C. Hilton and tendering his testimony to show that the goods were, indeed, sold to the corporation rather than to him and that it was the debt of the corporation rather than his own. Counsel for appellee objected to the tender of this testimony upon the basis that inasmuch as appellant's answer was not in conformance with Tex.R.Civ.P. 185, appellant could not defend by proving the debt was owed by the corporation. Presumably under the impression that appellant's answer was in compliance with Rule 185, the court overruled appellee's objections and allowed appellant to fully develop his defenses.

After judgment was entered for appellee, the court filed findings of fact and conclusions of law, among which was the conclusion that appellant's answer did not conform to Rule 185.

It occurs to me that the court correctly concluded that appellant's answer did not conform to Rule 185. That Rule, as amended in 1971, requires one resisting a suit on a sworn account to " . . . file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . . ." Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ. App.1971, no writ); Solar v. Petersson, 481 S.W.2d 212 (Tex.Civ.App.1972, no writ).

Though some defenses against a sworn account may be proved in the absence of a sworn denial, the defense that the account was wrongfully charged against the defendant, and that he did not owe it, may not be proved in the absence of such a de-

nial. Collins v. Kent-Coffey Mfg. Co., 380 S.W.2d 59 (Tex.Civ.App.1964, writ ref'd); First National Bank of San Angelo v. Sheffield, 475 S.W.2d 820 (Tex.Civ.App. 1972, no writ); Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353 (Tex.Civ.App. 1942, writ ref. w. o. m.).

Appellant's fifth point of error is that the court erred in entering personal judgment against appellant because there was no evidence to support the judgment. A reading of the statement of facts shows that after proving up attorneys' fees and introducing appellant's answer appellee rested. Appellee never offered into evidence its sworn account.

In order to prove a cause of action on a sworn account, the account must be offered in evidence. Johnson v. Walker, 330 S.W.2d 508 (Tex.Civ.App.1959, no writ); Chisos Mining Co. v. Chicago Pneumatic Tool Co., 142 S.W.2d 549 (Tex.Civ.App. 1940, writ dism'd jdgmt. cor.).

As there is no evidence to support the judgment, appellant's fifth point of error should be sustained.