Fred F. BOYSEN, Sr., dba Bissonnet Roofing Co., Appellant,

v.

SECURITY LUMBER COMPANY, INC., Appellee.

No. 1252.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 24, 1975.

Rehearing Denied Jan. 14, 1976.

Anthony L. Vetrano, Jr., Houston, for appellant.

William Fred Hagans, Bracewell & Patterson, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit on a sworn account.

Security Lumber Company, Inc. (Security or appellee) filed suit against Fred Boysen, Sr., individually and dba Bissonnet Roofing Company (Boysen or appellant) for money owed to it on an account under which it had furnished to Boysen various goods, merchandise, materials and/or services. Security's petition was properly verified so as to constitute prima facie evidence of the justness of the claim as provided by Tex.R. Civ.P. 185. Boysen's unsworn answer was accompanied by a sworn affidavit which stated that the "cause of action, account and claim against him and in favor of SECURITY LUMBER COMPANY, INC., is not a just and due amount and that all just and lawful offsets, payments and credits have not been allowed." After a non-jury trial, the trial court entered judgment for Security. Boysen has perfected this appeal.

Appellant presents eight points of error. The second and third points assert that appellant's verified denial destroyed the probative force of the itemized account, and that appellee did not adequately prove the elements of a suit on a sworn account. Appellant's verified pleading, set out above, was insufficient to deny the account. *See* *Solar v. Petersson,* 481 S.W.2d 212 (Tex.Civ. App.-Houston [14th Dist.] 1972, no writ); *Duncan v. Butterowe, Inc.,* 474 S.W.2d 619 (Tex.Civ.App.-Houston [14th Dist.] 1971, no writ); *Youngblood v. Central Soya Co.,* 522 S.W.2d 277 (Tex.Civ.App.-Fort Worth 1975, writ ref'd n. r. e.); Tex.R.Civ.P. 185, 93(k). Therefore it was not necessary for appellee to prove by further evidence the elements of a suit on a sworn account. Appellant's points two and three are overruled.

■ Appellant's fourth point asserts that the prima facie effect of Rule 185 should not apply to him, inasmuch as he, as an individual was actually a third party. It is well established that the rule which makes a verified account prima facie evidence in the absence of a written denial under oath does not apply to transactions between third parties or parties who were strangers to the transaction. *McCamant v. Batsell,* 59 Tex. 363 (1883); *Hassler v. Texas Gypsum Co.,* 525 S.W.2d 53 (Tex.Civ.App.-Dallas 1975, no writ). However, this exception has been applied where the plaintiff's own pleadings—or the invoices or other evidence exhibited as the basis of the obligation—reflected that the defendant was not a party to the original transaction. *See McCamant v. Batsell, supra* ; *Hassler v. Texas Gypsum Co., supra* ; *Dean v. K-C Fuel Co.,* 524 S.W.2d 805 (Tex.Civ.App.-Austin 1975, no writ); *Compression, Inc. v. James & Dilda,* 481 S.W.2d 458 (Tex.Civ.App.-Houston [1st Dist.] 1972, no writ); *Sampson v. Apco Oil Corp.,* 476 S.W.2d 430 (Tex.Civ.App.-Amarillo 1972, no writ); *Starlight Supply Co. v. Feris,* 462 S.W.2d 608 (Tex.Civ.App.-Austin 1970, no writ); *Copeland v. Hunt,* 434 S.W.2d 156 (Tex.Civ.App.-Corpus Christi 1968, writ ref'd n. r. e.); *Robertson v. Rexall Drug & Chemical Co.,* 410 S.W.2d 200 (Tex.Civ.App.-Fort Worth 1966, no writ); *McCollum v. May,* 396 S.W.2d 170 (Tex.Civ.App.-Dallas 1965, no writ); *Eng v. Wheeler,* 302 S.W.2d 263 (Tex.Civ.App.-San Antonio 1957, writ dism'd); *National Surety Corp. v. Dabney,* 282 S.W.2d 70 (Tex.Civ.App.-Waco 1955, no writ); *Duree v. Aetna Ins. Co.,* 66 S.W.2d 764 (Tex.Civ.App.-Amarillo 1933, no writ); *cf. Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958); *Hilton v. Musebeck Shoe Co.,* 505 S.W.2d 341 (Tex.Civ.App.-Austin 1974, writ ref'd n. r. e.); *Nichols v. Acers Co.,* 415 S.W.2d 683 (Tex.Civ.App.-Austin 1967, writ ref'd n. r. e.).

■ In the instant case, the appellee's pleadings alleged that goods, merchandise, materials and services were "sold, delivered and furnished to and/or for the Defendant." Further, the statement and invoices attached to the petition and represented as the basis of the obligation are all addressed to "Fred Boysen, Bissonnet Roofing Co.". Therefore, this case does not fall within the "stranger to the transaction" exception. Appellant's fourth point of error is overruled.

■ Appellant's first point of error asserts that the trial court erred in not dismissing the suit as to him in view of the unsworn allegations in his answer that he was merely an officer of the corporation that owed the debt, and therefore was not liable for the account in his individual capacity. In the absence of a proper sworn denial, the defense that the account was wrongfully charged against the defendant, and that he did not owe it, may not be proved. *First National Bank v. Sheffield,* 475 S.W.2d 820, 821 (Tex.Civ.App.-Austin 1972, no writ); *Collins v. Kent-Coffey Manufacturing Co.,* 380 S.W.2d 59 (Tex.Civ.App.-Eastland 1964, writ ref'd); *Yelton v. Bird Lime & Cement Co.,* 161 S.W.2d 353, 355 (Tex.Civ.App.-San Antonio 1942, writ ref'd w. o. m.). Since appellant's sworn affidavit was inadequate, he could not deny that he owed the debt. The first point of error is overruled.

■ Appellant's fifth point of error asserts that the trial court erred in awarding attorney's fees because there was no evidence of presentment and failure to pay for thirty days. In order to recover reasonable attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (1971), the burden is on the plaintiff to plead and prove presentment of the claim to the debtor and failure to pay for thirty days thereafter. *El Paso Moulding & Manufacturing Co. v. Southwest Forest Industries, Inc.,* 492 S.W.2d 331 (Tex.Civ.App.-El Paso 1973, writ ref'd n. r. e.). Plaintiff's Exhibit # 26, admitted into evidence, is a letter from appellee's credit manager to appellant. The letter, dated October 1, 1973, begins, "This is a demand for payment. . . . ." It then states the total amount outstanding to be $3,632.48. This letter constitutes a sufficient presentment to allow the recovery of attorney's fees.

*See Huff v. Fidelity Union Life Insurance Co.,* 158 Tex. 433, 312 S.W.2d 493 (1958). As for proof of non-payment, the record shows that on April 30, 1975, during the course of the trial of this cause, appellee's president testified that appellant had not yet paid the account. Appellant's fifth point of error is overruled.

■ Appellant's sixth point of error asserts that there was no evidence to support the award of $1,000 for attorney's fees, and that such amount is unreasonable in this case. Appellee's attorney testified that he was personally familiar with the work that had been done on this case; that he was personally familiar with the amount customarily charged by attorneys in similar cases; that approximately twenty to twenty-five hours of work were generally required for such cases; that his charge of $45 per hour was the usual and customary charge by attorneys; and that based on the usual amount of work required and the customary charge, $1,000 was a reasonable fee. Appellant offered no evidence in rebuttal of this testimony. The evidence outlined above was sufficient to support the award. Appellant's sixth point of error is overruled.

Appellant's seventh point of error is too general to be considered on appeal. *See Pine v. Gibraltar Savings Association,* 519 S.W.2d 238, 244 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n. r. e.); *Slayton v. White,* 487 S.W.2d 204, 205 (Tex.Civ.App.-Tyler 1972, writ ref'd n. r. e.). In any event, point seven has been examined and found to be without merit; it is accordingly overruled.

Appellant's eighth point of error is likewise without merit and is overruled.

The judgment of the trial court is affirmed.

Affirmed.