**AIRBORNE FREIGHT CORPORATION,**
Petitioner,

v.

**CRB MARKETING, INC., Respondent.**

No. B–7426.

Supreme Court of Texas.

May 17, 1978.

Don L. Baker, Austin, for petitioner.

Donald R. Flournoy, Austin, for respondent.

PER CURIAM.

This is a suit on a sworn account brought by Airborne Freight Corporation against CRB Marketing pursuant to Tex.R.Civ.P. 185. Attached to the plaintiff's petition were copies of invoices for services rendered and an affidavit from plaintiff's collection manager that the claim was just and true, that it was due, and that all just and lawful credits had been allowed. The defendant CRB answered only by an unsworn denial. At trial, Airborne Freight introduced evidence bearing only on the issue of reasonable attorney's fees. After a nonjury hearing, the county court at law rendered judgment in favor of Airborne Freight for $1,063.12, representing the principal debt, attorney's fees, and interest. Upon CRB's appeal, the court of civil appeals reversed and rendered judgment that Airborne Freight take nothing. 561 S.W.2d 37. It held that no evidence supported the judgment because the sworn account was not formally offered in evidence. Airborne Freight now contends that the sworn account filed in accordance with Rule 185 is itself evidence to support the trial court's judgment without the necessity of introducing it into evidence.

■ Rule 185 provides in part:

When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, *the same shall be taken as prima facie evidence thereof*, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; . . . . *When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.* [Emphasis added].

It is settled that if the defendant fails to file a written denial under oath and in the form provided, he will not be permitted to dispute receipt of the items or services or the correctness of the stated charges. *Wilson v. Browning Arms Co.*, 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd). The defendant may, however, assert defenses in the nature of confession and avoidance without filing a sworn denial if they are properly pleaded. *Jorrie Furniture Co. v. Rohm*, 442 S.W.2d 476 (Tex.Civ. App.—San Antonio 1969, no writ). Of course, a sworn account is not prima facie evidence of the debt as against a stranger to the transaction. *Hilton v. Musebeck Shoe Co.*, 505 S.W.2d 341 (Tex.Civ.App.— Austin 1974, writ ref'd n. r. e.).

■ The answer filed by CRB did not plead any affirmative defenses or raise the issue that CRB was not a party to the transaction. It merely stated that CRB had no record of contracting for the services

and demanded strict proof that it had authorized such services. The invoices attached to plaintiff's sworn account affidavit named CRB as the party to be billed for the services. Under these circumstances, CRB's unsworn denial did not place in issue any element of the plaintiff's cause of action. The sworn account therefore constituted prima facie evidence of the debt, without the necessity of formally introducing the account into evidence. Since the defendant failed to file a sworn denial of the account, no further evidence was required. Tex.R. Civ.P. 185; *Wilson v. Browning Arms Co., supra*; *O'Brien v. Cole*, 532 S.W.2d 151, 152 (Tex.Civ.App.—Dallas 1976, no writ); *Alton R. Fairchild Inc. v. M–P Cotton Felt Co.*, 403 S.W.2d 527 (Tex.Civ.App.—Fort Worth 1966, no writ); *cf. Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75, 78 (1958).

The court of civil appeals cited *Hilton v. Musebeck Shoe Co.*, 505 S.W.2d 341 (Tex. Civ.App.—Austin 1974, writ ref'd n. r. e.); *Johnson v. Walker*, 330 S.W.2d 508 (Tex. Civ.App.—San Antonio 1959, no writ); and *Chisos Mining Co. v. Chicago Pneumatic Tool Co.*, 142 S.W.2d 549 (Tex.Civ.App.—El Paso 1940, writ dism'd judgmt cor.), in support of its holding that the sworn account must be offered in evidence even when no sworn denial has been filed. *Hilton* involved a stranger to the transaction, while *Johnson* was a case in which the plaintiff failed to properly plead a sworn account. Those cases are therefore inapposite. *Chisos Mining* states that the account must be offered in evidence in a case such as this, but that statement was unnecessary to the holding of the case, and such language is hereby expressly disapproved.

The holding of the court of civil appeals is in conflict with Rule 185. Accordingly, the application for writ of error is granted, and without hearing oral argument, the judgment of the court of civil appeals is reversed and that of the trial court affirmed. Tex.R.Civ.P. 483.