Leroy **HEISEY**, Appellant,

v.

**J. E. BOOTH**, Appellee.

No. 17274.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 21, 1972.

Rehearing Denied Feb. 25, 1972.

George C. Sims, Fort Worth, for appellant.

St. Clair Newbern, III, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

One Reece sued J. E. Booth for $329.60 and attorney's fees under the provisions of Texas Rules of Civil Procedure 185, "Suit on Sworn Account". Booth filed the sworn denial contemplated by the rule.

Under the provisions of T.R.C.P. 38, "Third-Party Practice", Booth proceeded to bring Leroy Heisey into the same case, as a third-party defendant. Booth alleged —alternative to his defensive position as applied to Reece's suit—that if he was liable to Reece then Heisey was liable to him (Booth) because their relationship was that of principal and agent as applied to his

own transaction with Reece; that in consequence Heisey owed him the duty of indemnity or reimbursement. See generally 3 Am.Jur.2d, p. 612, "Agency", Sec. 243, "(Reimbursement and Indemnification of Agent)—Generally". Reece never at any time made Heisey a defendant of whom any relief was sought, contenting himself with his claim against Booth.

■ At the date the case was set for trial Reece and Booth appeared and announced ready. Heisey, though having filed an unsworn general denial to Booth's third-party petition, failed to appear. Thereupon, without any evidence introduced, Reece and Booth represented to the court that in so far as the lawsuit obtained between themselves they had agreed to settle and dispose of the same by Booth's stipulation and agreement that judgment be rendered against him for the sum of $329.60, plus court costs. In other words, the agreement was for judgment to be rendered against Booth for plaintiff Reece on Reece's suit on sworn account—except for attorney's fees. Such was the judgment entered. Support therefor consisted of merely the stipulation mentioned, not by any evidence.

In this connection Heisey is bound by the judgment; i. e., he is estopped to deny that Booth is liable to Reece for $329.60 perforce the judgment. Of course this does not mean that upon trial of the case against Heisey that the justness of the account upon which Reece sued Booth would not be necessary to be proved by evidence. Reece never sought any relief against Heisey nor was any obtained in the judgment. Booth alone sought relief, and he was granted as a judgment-over, against Heisey, in the amount of $329.60, following a trial in which there was no evidence establishing either that Reece's account was just or that the transaction out of which it arose was one as to which Booth was the agent of Heisey.

■ T.R.C.P. 38, "Third-Party Practice", provides, in part: "If . . . service is completed upon the cross-action, the person so served, hereinafter called the third-party defendant, *shall make his defenses under the rules applicable to the defendant,* (emphasis supplied). . . . The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. . . ." Booth insists that it was the obligation of Heisey to make the Booth defenses to the suit against him by Reece; i. e., to deny the entitlement of Reece because of his suit against him upon sworn account by that sworn denial contemplated by T.R.C.P. 185 (despite the fact that Heisey had not been made a party defendant by Reece) or forfeit the right to insist that evidence be produced on trial in proof of the matters sued upon, as establishing a *prima facie* case as applied to the indebtedness. Since Heisey filed no such sworn denial of the sworn account he is, according to Booth, liable to him. The trial court agreed and rendered judgment for Booth decreeing that Heisey was liable in the amount of $329.60.

The trouble with the Booth theory is that Reece never at any time had any pleadings seeking relief against Heisey. It is to the allegations against him, as Booth's defendant, to which Heisey is obliged by the rule to "make his defenses" as contemplated by T.R.C.P. 38. Heisey is not obliged to make the defenses of Booth. He is not punished for failure to do so; neither is there any easing of the burden of proof of either Reece or Booth, as against Heisey, in consequence of such failure. Heisey is not obligated to verify pleadings in denial of Reece's account merely because Booth is required by rule to do so if he, Booth, wishes to require that Reece prove his case by evidence. Reece's suit on sworn account was against Booth alone. Heisey was a stranger to the transaction sued upon by Reece; i. e., a stranger to the transaction because of which Reece sued Booth. Robertson v. Rexall Drug & Chemical Company, 410 S.

W.2d 200 (Fort Worth Civ.App., 1966, no writ hist.).

As a stranger Heisey could controvert and disprove the account of Reece without having filed a written denial under oath, and by his general denial—in so far as his own liability be involved,—he put the burden on any who would prove the account the necessity to establish it by evidence. 1 Tex.Jur.2d 321, "Accounts and Accounting", Sec. 71, "Necessity that account exist by virtue of contract between parties to action". Heisey did not appear upon the hearing where Reece and Booth settled the controversy theretofore existent. Had he done so, yet stood mute, no judgment could have been rendered against him on pleadings alone, without evidence, though Reece would have been entitled to judgment against Booth without proof had Booth failed to deny Reece's account under oath. Of course Booth had so plead—but the judgment against him was by settlement. His pleading was never stricken.

■ It should also be remembered that Booth alleged that Heisey was his principal. Heisey filed a general denial and such obliged Booth to prove agency. 2 Tex.Jur.2d, p. 679, "Agency", Sec. 224, "Denial of authority in answer—Requirements as to verification". Any supportable judgment for Booth against Heisey necessarily depended upon proof of his agency for Heisey as applied to the material transaction giving rise to the claim of Reece upon which he was sued. There was no such proof. The evidence does not support Booth's judgment against Heisey, even assuming the account of Reece to have been proved by evidence. As already noted, there was none.

Judgment is reversed and the cause remanded for another trial.