Charles DIXON, a/k/a Charles T. Dixon, Appellant,

v.

**MAYFIELD BUILDING SUPPLY CO., INC., Appellee.**

No. 17765.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 8, 1976.

Rehearing Denied Nov. 5, 1976.

**6**

McGuire, Levy, Collins & McCurley, and Carl M. McCurley, Irving, for appellant.

Bagby, McGahey, Ross & DeVore, Inc., and Terry B. Arnn, and Philip C. McGahey, Arlington, for appellee.

OPINION

SPURLOCK, Justice.

Plaintiff, Mayfield Building Supply Company, Inc., sued Charles Dixon, defendant,

on an open account for goods, wares, and merchandise alleged to have been furnished him at his request. Plaintiff's petition was properly verified so as to constitute prima facie evidence of the claim as provided by Rule 185, T.R.C.P. Defendant contends the goods were furnished a corporation of which he is president or to a joint venture of which he is a part. Trial was to the court. Judgment was rendered that plaintiff recover its account plus attorney's fees. Defendant appeals. At the request of the defendant the trial court made findings of fact and conclusions of law.

The defendant contends he properly verified his answer and plaintiff failed to prove a cause of action against him. Plaintiff contends that since the answer is not sworn to as required by the rules and the account was admitted in evidence without objection, the account is admitted.

Judgment affirmed.

Plaintiff is in the business of supplying lumber and building materials to general contractors and home builders. On April 26, 1973, defendant made application for credit as an individual with the plaintiff. This application was approved. Thereafter, defendant bought lumber and building materials from the plaintiff over a period of about a year and a half. Defendant built about 25 homes and bought most of the materials from the plaintiff. Defendant or its agents would call the plaintiff's office and place an order and designate where the material was to be delivered. This order was transferred to the yard office where the order was filled and several copies of the delivery ticket were prepared and the merchandise was then delivered to the address requested by the defendant and a copy of the delivery ticket was left with the defendant or his agent. At periodic times the defendant was billed as an individual and furnished a copy of the ledger sheets showing the credits and the balance due. The unpaid invoices, which showed the dates of delivery, the merchandise delivered, and the prices charged therefore, were attached to plaintiff's petition. This account was properly verified by the credit manager of the plaintiff who was in charge of the books and this account. The verification was in the language required by Rule 185, T.R.C.P.

█ Defendant answered that each and every item in the account made the basis of plaintiff's suit is wholly not just and true. By separate paragraph he then denied that each and every, all and singular, the allegations contained in plaintiff's original petition, and says they are not true in whole or in part, and demands strict proof thereof and puts himself on the country. This pleading is signed by the defendant. Below the signature appears the following:

"STATE OF TEXAS }
"COUNTY OF DALLAS }

"BEFORE ME, the undersigned authority, on this day personally appeared CHARLES DIXON, known to me to be the person who executed the foregoing instrument and acknowledged to me that he executed the same for the purposes therein expressed and that the facts contained therein are true and correct.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the 26 day of October, 1975.

"/s/ Virginia L. Bailey
"NOTARY PUBLIC In And For
"Dallas County, Texas"

Defendant presents 45 points of error. Except for points 16, 17, 18, 28, 29, and 30, concerning attorney's fees, the points assert that defendant's verified denial destroyed the probative force of the itemized account, and that plaintiff did not adequately prove the elements of a suit on a sworn account.

We hold that the above quoted denial of plaintiff's account does not constitute a verified denial in that the defendant did not deny the account under oath.

█ Swearing to the statement by the party making and signing it is essential to the validity of an affidavit. *Hardy v. Beaty,* 84 Tex. 562, 19 S.W. 778 (Tex.Sup., 1892).

█ The general test applied to determine the sufficiency of an affidavit is that

if the facts are falsely sworn to, the affiant may be prosecuted and convicted of perjury. 2 Tex.Jur.2d, Sec. 22 (1959 Ed.), Affidavits—In general; Test of Sufficiency.

In *State v. LeBlanc, Inc.*, 399 S.W.2d 919 (Tex.Civ.App., Houston, 1966, no writ hist.) that court stated: "The answer filed in opposition to the motion for summary judgment cannot be considered as an affidavit. The notary public has merely certified that the person signing the pleading stated that the matters set out therein were true and correct. It is essential that one making an affidavit swear or affirm under oath that the facts stated are true."

█ Defendant also asserts that the prima facie effect of Rule 185 should not apply to him inasmuch as he, as an individual, was actually a third party. It is well established that the rule which makes a verified account prima facie evidence, in the absence of a written denial under oath, does not apply to transactions between third parties or parties who are strangers to the transaction. This exception has been applied where plaintiff's own pleadings or the invoices or other evidence exhibited as the basis of the obligation reflect that the defendant was not a party to the transaction. *Boysen v. Security Lumber Co., Inc.*, 531 S.W.2d 454 (Tex.Civ.App., Houston, 14th Dist., 1975, no writ hist.) and the cases therein cited.

█ In the case before us plaintiff pled that at the insistence and request of the defendant, it sold and delivered to the defendant various goods, wares and merchandise described in the itemized account attached; and that defendant promised and became bound and liable to pay plaintiff for same.

The invoices were all addressed to defendant as an individual. The ledger sheets also show that all the items sold were debited to the account of the defendant as an individual.

The credit manager for the plaintiff testified that the goods were sold to the defendant as an individual for the prices therein stated; that all offsets and credits have

been allowed; and to all the facts necessary to prove up the account. The account was admitted into evidence without objection. The ledger sheet of the plaintiff showing the entire account and each transaction with the defendant in connection therewith was also admitted into evidence without objection. Therefore, this case does not fall within the "stranger to the transaction" exception. *Boysen v. Security Lumber Co., Inc.*, supra.

█ It is well settled that an open account sworn to in accordance with the rule and the justness of which has not been denied by the defendant under an oath that meets the requirements of Rule 185 and 93(k) makes, when introduced in evidence, a prima facie case and is sufficient to support a judgment.

In *First National Bank of San Angelo v. Sheffield*, 475 S.W.2d 820 (Tex.Civ.App., Austin, 1972, no writ hist.) that court held that: "While some defenses against a sworn account may be proved in the absence of a sworn denial, the defense that the account was wrongfully charged against the defendant, and that he did not owe it, may not be proved in the absence of a sworn denial."

The courts in the following cases followed the above rule: *Boysen v. Security Lumber Co., Inc.*, supra; *Yelton v. Bird Lime & Cement Co.*, 161 S.W.2d 353 (Tex.Civ.App., San Antonio, 1942, ref., w. m.).

█ Even if defendant was not foreclosed by the provisions of Rule 185, we hold that the findings of fact and conclusions of law made by the court and the judgment are supported by evidence of a probative nature.

Defendant, by its points 16–18 and 28–30, asserts error of the court in rendering judgment against him for attorney's fees. He neither briefed nor argued these points.

█ It is undisputed that plaintiff alleged all the necessary facts for it to recover attorney's fees under Art. 2226, V.A.J.S., and that demand for payment of the account was made on defendant more than

30 days before this suit was filed. The credit manager for plaintiff testified the account was past due and unpaid and it was necessary to employ attorneys to collect the account and it employed attorneys for this purpose.

Philip McGahey, attorney of record for the plaintiff in this case, testified: he was employed to collect this account; the amount of work performed by him in this connection; and that a reasonable attorney's fee in regard thereto would be in the amount of $8,000.00. The trial court awarded $6,794.12 attorney's fees. The findings of fact and conclusions of law and the judgment awarding attorney's fees in this amount are supported by evidence of probative value.

We have carefully considered each point of error and overrule each.

Judgment affirmed.