Guy M. CAMERON et al., Appellants,

v.

UNIVERSITY OF HOUSTON et al., Appellees.

No. A2338.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 26, 1980.

Rehearing Denied April 16, 1980.

---

1. Subsequently amended: Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp. 1971–1979).

Barbara H. Fritz, Fritz & Fritz, Victoria, for appellants.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Paul R. Gavia, Jack Sparks, Asst. Attys. Gen., Austin, Pat Bailey, Fred M. Heacock, Houston, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This is a summary judgment case. The State of Texas, by the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970 and Supp.1980), has waived governmental immunity in certain specific types of tort actions but has reserved such immunity in all other types.

The question here presented is whether a motion for summary judgment should be granted on the ground of sovereign immunity where the pleadings do not show that the injury suffered was the result of an action excepted from immunity by the Act.

The trial court awarded summary judgment in favor of the University of Houston and two of its employees, Joseph P. Kimble, director of the University's Security Division, and Sergeant Dan E. Calder, a staff member of the Security Division, in this suit which was brought to recover damages for personal injuries predicated on a shooting incident occurring in a University classroom. We reverse and remand.

Alfred P. Shen, a doctoral candidate and teaching assistant at the University, having performed poorly on his oral qualifying examination, brandished a pistol and threatened appellant, Dr. Guy M. Cameron and another member of the examining committee, on Thursday, April 3, 1975. University security officers immediately investigated and confiscated a pistol and ammunition from Shen. They did not deprive him of his liberty.

On Monday, April 5, Shen appeared in a classroom on the campus where Cameron was attending a lecture and shot Dr. Cameron and appellant Bruce H. Johnson, the latter apparently unintentionally. Both sued Shen and the appellees herein, the University, Kimble and Calder. The suit against Shen has been severed from this action.

Appellees filed a motion for summary judgment alleging that, since the University is a governmental agency, its immunity from suit for failure to provide police protection and for intentional tort has not been waived. The motion further alleged that the two individuals were acting within the course and scope of their employment and thus not personally responsible. Later, appellees filed what is titled "Amended Plea in Abatement" alleging that there is no legal authority for the instant action. The court below rendered summary judgment for appellees.

Appellees' "Amended Plea in Abatement" is, in actuality, a special exception to appellants' pleadings. The function of a special exception is to inform the opposing party of a defect in his pleading so that he may cure it, if possible, by amendment. 2 R. McDonald, Texas Civil Practice § 7.19 (1970). When such special exceptions are sustained, a party may either amend the pleadings to meet the exceptions or refuse to amend and test the validity of the ruling by appeal. *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). "But only after a party has been given an opportunity to amend after special exceptions have been

sustained may the case be dismissed for failure to state a cause of action." *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.Sup.1974). Appellants were afforded no such opportunity.

The judgment of the trial court is reversed and the case is remanded thereto for further proceedings.