**BROWN FOUNDATION REPAIR AND CONSULTING, INC., Appellant,**

v.

**FRIENDLY CHEVROLET CO., Appellee.**

No. 05-85-01169-CV.

Court of Appeals of Texas, Dallas.

July 9, 1986.

Rehearing Denied Aug. 18, 1986.

James P. Finstrom, Dallas, for appellant.

Woodfin C. Henderson, Kent Frank Brooks, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

WHITHAM, Justice.

Appellee, Friendly Chevrolet Co., brought this action against appellant, Brown Foundation Repair and Consulting, Inc., on sworn account for motor vehicle repairs to one of Brown's trucks. Brown filed a counterclaim alleging violations of the Deceptive Trade Practices-Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon Supp.1986). We conclude that the trial court properly rendered judgment in favor of Friendly on its sworn account. We conclude that the trial court properly rendered judgment in favor of Friendly on Brown's counterclaim. Accordingly, we affirm.

### Friendly's sworn account

A sworn account constitutes prima facie evidence of the debt, without the necessity of formally introducing the account into evidence. When the defendant fails to file a sworn denial of the account, no further evidence is required. *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573, 575 (Tex.1978). At the time of a trial setting on June 20, 1985, Friendly pointed out to the trial court that Brown had failed to file a sworn denial of the account as required by TEX.R.CIV.P. 93 and 185. The trial court ordered Brown to replead by July 17, 1985, and reset the case for trial on July 17, 1985. When the case came on for trial on July 17, 1985, a jury was selected, but before testimony began, Friendly filed its first supplemental petition containing only a special exception to Brown's trial pleadings. The special exception complained that Brown's denial of the account was not supported by affidavit as required by TEX.R.CIV.P. 93 and 185. Thus, on two separate occasions Friendly pointed out Brown's failure to controvert by affidavit Friendly's sworn account. The trial court sustained Friendly's special exception and, upon consideration of the

pleadings and argument of counsel, announced judgment in favor of Friendly on the account. The trial court rendered written judgment in favor of Friendly on July 24, 1985. On August 21, 1985, the trial court rendered a "Corrected Judgment" in which the trial court, having further considered the pleadings and argument of counsel, added a take-nothing judgment against Brown on its counterclaim to the previous judgment in favor of Friendly on its account.

On July 17, 1985, Brown's defensive pleadings, omitting formal parts, read:

### I.

Defendant denies all and singular, each and every, the allegations in plaintiff's original petition as authorized by Rule 92, Texas Rules of Civil Procedure.

### II.

As authorized by Rule 93(h), Texas Rules of Civil Procedure, defendant denies the execution by any of its officers, agents, employees or representatives, or by their authority, of any written or oral authorization for plaintiff to perform the repairs which form the basis for plaintiff's suit.

### III.

The account which is the foundation of plaintiff's original petition is not just and true and each and every item is not just or true, in that plaintiff did not perform the work in a good and workmanlike manner, as it impliedly warranted it would do, and that defendant did not authorize the work in question.

Thus, Brown's answer did not plead any affirmative defenses or raise the issue that Brown was not a party to the transaction. *See Airborne Freight*, 566 S.W.2d at 574. Brown executed its trial pleadings by and through its vice-president, and the person acting as vice-president appeared before a notary and made oath. Thus the conclusion of Brown's trial pleadings appears as follows:

/s/ [Affiant's Signature]
Robert L. Brown, Vice-President, Brown Foundation Repair and Consulting, Inc.

STATE OF TEXAS
COUNTY OF DALLAS

SUBSCRIBED AND SWORN TO before me, the undersigned authority, by Robert L. Brown, known to me to be the Vice-President of Brown Foundation Repair and Consulting, Inc., to certify which witness my hand and seal of office this 28 day of June, 1985.

/s/ [Notary's Signature]
Notary Public in and for
Dallas County, Texas

My commission expires:
6/10/89

Brown argues that the above constitutes a sufficient affidavit under rules 93 and 185. We disagree. We conclude that the signature of Robert L. Brown and the jurat of the notary public do not meet the affidavit requirements of rules 93 and 185. We reach this conclusion because the asserted affidavit does not state under oath that the statements contained in Brown's trial pleadings are true. It is essential that one making an affidavit swear or affirm under oath that the facts stated are true. *Dixon v. Mayfield Building Supply Co., Inc.*, 543 S.W.2d 5, 8 (Tex.Civ.App.—Fort Worth 1976, no writ). In *Dixon*, the defendant sought to challenge the plaintiff's sworn account by signing denial pleadings followed by this appearance before a notary public:

"STATE OF TEXAS

"COUNTY OF DALLAS

"BEFORE ME, the undersigned authority, on this day personally appeared CHARLES DIXON, known to me to be the person who executed the foregoing instrument and acknowledged to me that he executed the same for the purposes therein expressed and that the facts contained therein are true and correct.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the 26 day of October, 1975.

"/s/ [Notary's Signature]

"NOTARY PUBLIC In And For

"Dallas County, Texas"

Swearing to the statement by the party making and signing it is essential to the validity of an affidavit. *Dixon*, 543 S.W.2d at 7. In the present case, as did the court in *Dixon*, we conclude that the asserted affidavit does not constitute a verified denial in that the defendant did not deny the account under oath. We reach this conclusion in the present case because the notary public has merely stated that Robert L. Brown has subscribed and sworn to a document. Nowhere does it appear that Robert L. Brown has sworn or affirmed under oath that the facts stated are true. We hold, therefore, that at the time of trial Brown had not timely filed a written denial under oath to Friendly's sworn account as required by rule 185. We hold further that at the time of trial Brown had not, as required by rule 93, verified by affidavit his denial of the account which was the foundation of Friendly's action and supported by affidavit.

Next, we consider what consequences follow from Friendly's filing of its first supplemental petition containing only a special exception to Brown's failure to comply with the above-mentioned requirements of rules 93 and 185. Friendly contends that, in substance, its first supplemental petition was a motion for judgment. Friendly argues that courts look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). In support of its argument, Friendly points to the prayer of its first supplemental petition reading: "WHEREFORE, PREMISES CONSIDERED, [Friendly] prays that this exception be sustained and *for all relief as sought in [Friendly's] First Amended Original Petition.*" (Emphasis added). Friendly asserts that the emphasized portion of the prayer provides the substance of a motion for judgment. Brown asserts that Friendly's first supplemental petition was just what it contained, i.e., a special exception to its trial pleadings. Thus, Brown insists that the function of a special exception is to inform the opposing party of a defect in his pleadings so that he may cure it, if possible, by amendment. *Cameron v. University of Houston*, 598 S.W.2d 344, 345 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Before proceeding further, we digress to explain what we have in the record. Although Friendly refers to a statement of facts having pages above fifteen, we find no such statement of facts. We have only a fifteen page statement of facts headed *"STATEMENT OF FACTS PRE–TRIAL"* for proceedings held July 17, 1985. We learn on page two of this statement of facts that out of the presence of the jury "[d]efendant's Exhibit Nos. 1 through 7 are marked for identification." We also learn that there immediately followed a colloquy between counsel for both parties and the trial court concerning Friendly's suit on a sworn account and Brown's counterclaim. The colloquy ended with the trial court ordering Friendly's counsel to draw "your judgment." Returning to page three of the statement of facts, we find counsel for Friendly ending his argument under rules 93 and 185 concerning want of proper controverting affidavit in these words: "There's not an issue to go to the jury other than reasonable amount of attorneys' fees." (These attorney's fees were later stipulated.) When called upon to respond, Brown's counsel stated:

Your Honor, I hadn't seen this before this morning. I'm not really prepared to respond on the law, but if it's filed in the nature of a special exception, if that exception should be sustained by the Court, I think I'm entitlted [sic] to an opportunity to re-plead before it goes to trial. If it's in the nature of a—I don't know—it's couched in terms of being a special exception, *but I think it's being argued in terms of a motion that disposes of the case on the law.*

(Emphasis added). There then follows more colloquy on the matter of want of a proper controverting affidavit from Brown.

■ We conclude that the trial court correctly treated Friendly's first supplemental petition as a motion for judgment. We reach this conclusion for three reasons. First, for Friendly to inform Brown of a defect in its pleadings so that Brown could cure it and thereby defeat Friendly's prima facie evidence defies logic. Second, Brown's counsel recognized that the special exception was "being argued in terms of a motion that disposes of the case on the law." Third, Brown, on June 20, 1985, had previously been afforded the opportunity to make a proper sworn denial of Friendly's account and had failed to do so. Consequently, we also treat Friendly's first supplemental petition as a motion for judgment. Moreover, we conclude that, on this record and the issues presented by the parties on appeal, Friendly was entitled to judgment against Brown on Friendly's sworn account. We reach this conclusion because Friendly's sworn account constitutes prima facie evidence of its debt without the necessity of formally introducing the account into evidence, and no further evidence is required because Brown failed to file a sworn denial of the account. *See Airborne Freight*, 566 S.W.2d at 575. Consequently, on the record before us, we treat Friendly's first amended supplemental petition and Friendly's part of the colloquy between trial court and counsel as a motion for instructed verdict under TEX.R. CIV.P. 268. We treat the trial court's part of the colloquy as granting Friendly's motion for an instructed verdict on Friendly's sworn account. Therefore, we conclude that Brown's first three points of error contending that its trial pleading was sufficiently verified, that the trial court erred in sustaining Friendly's special exception and that the trial court erred in not giving Brown an opportunity to replead are without merit. We overrule Brown's first three points of error.

### *Brown's counterclaim*

■ In its fourth point of error, Brown contends that the trial court erred in rendering a take-nothing judgment against it on its counterclaim. Brown's counterclaim asserted violations of the Deceptive Trade Practices-Consumer Protection Act arising out of Friendly's alleged violations of various ordinances of the City of Dallas pertaining to motor vehicle repairs. Brown also alleged that Friendly's failure to disclose that the cost of its repairs would exceed Friendly's estimate constituted a violation of the Act. As its damages for violation of the Act, Brown sought only its attorney's fees incurred in defending against Friendly's suit on sworn account. Therefore, the issue is whether attorney's fees incurred by Brown in defense of Friendly's cause of action can constitute Brown's actual damages under the Act. The Act requires that actual damages be incurred before there can be recovery under the Act. *Bormaster v. Henderson*, 624 S.W.2d 655, 660 (Tex.App.—Houston [14th Dist.] 1981, no writ). The Act provides that a consumer who prevails under the Act may obtain the amount of actual damages found by the trier of fact. "Actual damages," though not defined by the Act, means damages recoverable at common law. *Raye v. Fred Oakley Motors Inc.*, 646 S.W.2d 288, 290 (Tex.App.—Dallas 1983, no writ). The general common law rule is that in the absence of contract to the contrary every litigant will compensate his or its own counsel. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 896 (Tex. 1962). No contract between the parties provides for the award of attorney's fees to Brown's counsel. No statute provides for the award of attorney's fees to Brown's counsel. We conclude, therefore, that attorney's fees incurred by Brown in defense of Friendly's cause of action do not constitute actual damages under the Act as a matter of law.

As noted earlier, our record reflects that, out of the presence of the jury, Brown caused seven exhibits to be marked for identification (the record is silent as to whether any of the exhibits were offered or received into evidence) and that a colloquy followed between trial court and counsel. Following discussion of Friendly's cause of action, the colloquy continued into

a discussion of Brown's counterclaim under the Act. The colloquy discussed the issue of whether Brown's attorney's fees incurred in defense of Friendly's cause of action constituted actual damages under the Act. On the record before us, we treat Friendly's part of this colloquy as a motion for instructed verdict under TEX.R.CIV.P. 268. We treat the trial court's part of the colloquy as granting Friendly's motion for an instructed verdict on Brown's counterclaim. Thus, we conclude that the trial court did not err in rendering a take-nothing judgment against Brown on its counterclaim under the Act. We overrule Brown's fourth and remaining point of error.

Affirmed.

HOWELL, J., dissents.

HOWELL, Justice, dissenting.

I dissent. The majority is indulging in a double standard. Friendly's pleadings are being treated with smiling leniency; its special exception is being converted into a motion for judgment. Yet Brown's answer is treated with draconian strictness. The result is not just.

The majority relies upon *Dixon v. Mayfield Building Supply Co.*, 543 S.W.2d 5, 8 (Tex.Civ.App.—Fort Worth 1976, no writ), to hold that Brown's answer was not properly verified. Actually *Dixon* compels the opposite conclusion. The crucial portion of that opinion reads:

> Swearing to the statement by the party making and signing it is essential to the validity of an affidavit. . . .
> The general test applied to determine the sufficiency of an affidavit is that if the facts are falsely sworn to, the affiant may be prosecuted and convicted of perjury. . . .
> "It is essential that one making an affidavit swear or affirm under oath that the facts stated are true."

(Citation omitted). The majority has quoted the full text of the notarial act in *Dixon* plus the notarial act here in issue. *Dixon* follows the classic language of a notarial acknowledgement, the form necessary to prove the execution of a deed or other instrument transferring rights in property. *See* TEX.CIV.PRAC. & REM.CODE S 121.-007 (Vernon 1986). The notarial certificate recited that Dixon had *"acknowledged. . . . that the facts contained therein are true and correct"* (emphasis added). Plainly, an *acknowledgement* is not an oath and Dixon *swore to nothing.*

The distinction from the case in bar is stark. Here the notarial certificate recites below the signature of appellant the words: "SUBSCRIBED AND *SWORN* TO before me, . . . by Robert L. Brown" (emphasis added). *Dixon* has no application. The phrase "sworn to" can only refer to the pleading that precedes it. Hence it meets the requirements of an affidavit and the mandate of Rule 185. An affidavit in virtually identical terms was approved in *International Shelters v. Corpus Christi State National Bank*, 475 S.W.2d 334, 339 (Tex. Civ.App.—Corpus Christi 1971, no writ).

Even if the affidavit is viewed as defective for failure to point out with precision exactly *what* portions of the pleading were being sworn to, the trial court erred in rendering judgment without allowing the right to re-plead. When a special exception to a pleading is sustained, the trial court must afford the offending pleader an opportunity to amend. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). It is true that the court had previously sustained one special exception wherein Brown had completely failed to verify his denial. Clearly, however, Brown's second pleading represented at least a bona fide attempt to meet the requirements of the rules, which failed, if at all, in the most minute detail. Neither does the record contain a finding that Brown had purposely engaged in dilatory conduct, and the record suggests nothing to this effect. To the contrary, Brown filed his amended pleading promptly after the trial court had sustained an exception to the previous pleading. The plaintiff, knowing that trial was imminent, waited two weeks to renew his exception, did not file it until the date of trial and did not urge it upon

the court until after the jury was seated. If any opprobrium is to be meted out, it must go to the plaintiff. The trial court had ample grounds to hold that plaintiff had waived its special exception to Brown's trial pleading by failing to urge it more timely.

The trial court was possessed of yet another alternative. From all appearances, affiant Brown was readily available, if not physically present in the courtroom when the court entered judgment. If the court felt impelled to sustain the special exception, why could it not grant a short recess to allow defendant an opportunity to make a trial amendment attaching to its pleadings a verification meeting the plaintiff's objections? The trial could have proceeded on that very day. Of course, the plaintiff had little interest in obtaining a revision to the affidavit. What the plaintiff really desired was to effect a forfeiture. Suffice to say, the trial court erred in accommodating the plaintiff's desires.

I dissent. This case should be reversed for trial upon its merits.