**Affirmed and Opinion filed May 30, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00005-CV

## MAI N. LAM AND PROHIBITION THEATRE, LLC, Appellants

## V.

## PNR INVESTMENTS, INC. D/B/A TONY K'S HOME OF FINE SPIRITS, Appellee

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-55342**

## O P I N I O N

Two defendants challenge on appeal the trial court's award of reasonable and necessary attorney's fees against them in a final summary judgment, complaining of two defects in the attorney's fees affidavit submitted by the plaintiff. Concluding that each of these defects is a defect in form and that the nonmovants waived their complaints as to these defects by failing to timely object in the trial court, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff PNR Investments, Inc. d/b/a Tony K's Home of Fine Spirits ("PNR") filed suit against appellants/defendants Mai N. Lam and Prohibition Theatre, LLC (the "Lam Parties") asserting claims for breach of contract and seeking to recover the balance allegedly due on a sworn account, as well as reasonable and necessary attorney's fees. The Lam Parties answered, asserting a general denial but not a sworn denial.

PNR filed a traditional motion for summary judgment, seeking judgment against the Lam Parties for the amount of the account, reasonable and necessary attorney's fees, expenses, court costs, and prejudgment and postjudgment interest. In support of its request for attorney's fees, PNR submitted a four-page document that purported to be an affidavit from its attorney (the "Affidavit"). The Affidavit contained statements proving up the reasonable and necessary attorney's fees and expenses sought by PNR. The last page had a signature block for the attorney to sign, but there was no signature. There also was a place for a notary to certify that the affiant had sworn to the statements in the Affidavit and to affix the notarial seal. But this part was not filled out, and there was no certification or seal of a notary.

The Lam Parties did not file a response to the summary-judgment motion or assert an objection to any of the summary-judgment evidence. The trial court signed a final summary judgment awarding PNR $12,690.52 in actual damages, $5,000 in reasonable and necessary attorney's fees, $1,715.34 in reasonable and necessary expenses, court costs, and postjudgment interest. The amounts of attorney's fees and expenses awarded were the same as the amounts stated in the Affidavit.

The Lam Parties timely filed a motion for reconsideration asserting that the

trial court should set aside and vacate its award of attorney's fees on the ground that there was no evidence of attorney's fees because the Affidavit was not signed and thus has no evidentiary value. PNR responded in opposition asserting that it had inadvertently filed the unsigned Affidavit, and PNR submitted a version of the Affidavit with the same text that was signed and notarized on the date that PNR filed its summary-judgment motion (the "Signed Affidavit"). PNR argued that the Lam Parties' objection that the Affidavit was not signed was an objection to form that the Lam Parties waived by failing to timely raise the objection. The trial court denied the Lam Parties' motion for reconsideration without stating that it was considering the Signed Affidavit or granting PNR leave to supplement the Affidavit or the summary-judgment evidence. The Lam Parties timely perfected this appeal.

## II. ISSUES AND ANALYSIS

In their sole issue the Lam Parties assert that the trial court erred in granting a summary judgment awarding attorney's fees based on the Affidavit because it was unsigned and unsworn. The Lam Parties correctly note that the Affidavit was the only evidence of reasonable and necessary attorney's fees submitted by PNR in support of its summary-judgment motion.

If PNR's traditional summary-judgment motion and evidence facially established its right to judgment as a matter of law as to the amount of PNR's reasonable and necessary attorney's fees, then the burden shifted to the Lam Parties to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). If this burden shifted, then PNR was entitled to summary judgment because the Lam Parties did not respond to the summary-judgment motion. *See id*. But the Lam Parties contend that the summary-judgment evidence did not establish PNR's

3

right to judgment as a matter of law as to reasonable and necessary attorney's fees because the Affidavit was unsigned and unsworn and therefore without evidentiary value and incompetent to support a summary judgment. If this contention is correct, then the summary-judgment evidence does not facially establish this right, and the trial court erred in granting summary judgment as to the amount of reasonable and necessary attorney's fees. Though the Lam Parties did not file a response to PNR's summary-judgment motion they still may challenge on appeal the sufficiency of PNR's proof as to attorney's fees. *See id.*; *Butt v. Ali*, No. 14-15-01096-CV, 2017 WL 1015583, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2017, no pet.) (mem. op.).

If the failure of the Affidavit to be sworn or signed is a defect in form, then the Lam Parties waived their objection to the Affidavit by failing to raise it before the trial court granted summary judgment. *See Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018); *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex. 1978); *Adi v. Prudential Prop. & Cas. Ins. Co.*, No. 14-01-01001-CV, 2003 WL 22908129, at *3 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, pet. denied) (mem. op.). On the other hand, if such a failure is a defect in substance, then the Lam Parties did not waive their objection and may raise it after judgment in the trial court and on appeal. *See Seim*, 551 S.W.3d at 164.

## A. Did the trial court err in granting summary judgment as to attorney's fees because the Affidavit was unsworn?

The Lam Parties assert that under Government Code section 312.011(1) an affidavit must be sworn to before an officer authorized to administer oaths, and officially certified to by the officer under the officer's seal of office. *See* Tex. Gov't Code Ann. § 312.011(1) (West, Westlaw through 2023 4th C.S.). The Lam Parties assert that an unsworn statement that purports to be an affidavit is incompetent summary-judgment evidence and will not support a summary

judgment. Liberally construing the Lam Parties' brief, they assert that the absence of some evidence that the Affidavit was sworn to by PNR's attorney before an authorized officer is a defect in substance, and thus no objection from the Lam Parties was required before the trial court granted summary judgment. *See Seim*, 551 S.W.3d at 164. PNR asserts that this defect is a defect in form and that the Lam Parties waived any objection to the defect by their failure to timely object. The Supreme Court of Texas addressed these issues in its opinion in *Mansions in the Forest, L.P. v. Montgomery County*. *See* 365 S.W.3d 314, 316–18 (Tex. 2012).

The Government Code defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1). When an affidavit meets the Government Code's requirements, it may be presented as summary judgment evidence if it complies with Texas Rule of Civil Procedure 166a(f). *See* Tex. R. Civ. P. 166a(f); *Mansions in the Forest*, 365 S.W.3d at 316. The *Mansions* court concluded that if a written statement does not meet this basic definition, it is "no affidavit at all." *Mansions in the Forest*, 365 S.W.3d at 316 (quoting *Hardy v. Beaty*, 19 S.W. 778, 779 (Tex. 1892)).

The *Mansions* court proceeded to address whether an affidavit must contain a jurat. *See id.* at 316–17. A jurat is a certification by an authorized officer, stating that the writing was sworn to before the officer. *d.* at 316. While the Government Code requires that an affidavit be sworn to, it does not require a jurat or clause stating that the writing was sworn to before the officer. Tex. Gov't Code Ann. § 312.011(1); *see Mansions in the Forest*, 365 S.W.3d at 316. Similarly, Texas Rule of Civil Procedure 166a(f) does not require that an affidavit used as evidence in a summary-judgment proceeding contain an officer's attestation to the affiant's oath.

*See* Tex. R. Civ. P. 166a(f); *see Mansions in the Forest*, 365 S.W.3d at 316. Normally, an affidavit includes a jurat to prove that the written statement was made under oath before an authorized officer. *See Mansions in the Forest*, 365 S.W.3d at 316–17. The *Mansions* court determined that if a purported affidavit lacks a jurat, other evidence must show that it was sworn to before an authorized officer and thus satisfies the Government Code's definition of "affidavit." *See id*. at 317.

Under the *Mansions* precedent, the Affidavit in today's case was not required to contain a jurat to meet the requirements of the Government Code or to satisfy Rule 166a. *See* Tex. Gov't Code Ann. § 312.011(1); Tex. R. Civ. P. 166a(f). To meet the Government Code's requirements, however, the record must contain some evidence that the purported affidavit was sworn to by PNR's attorney before an authorized officer. *See Mansions in the Forest*, 365 S.W.3d at 317. Here, the summary-judgment evidence lacks any indication that the Affidavit was ever sworn to by PNR's attorney. Accordingly, the Affidavit does not meet the requirements of the Government Code and is "no affidavit at all." *See id.* at 316. Nonetheless, if this defect is a defect in form, then the Lam Parties waived their objection to the Affidavit by failing to raise it before the trial court granted summary judgment. *See Seim*, 551 S.W.3d at 164; *Life Ins. Co. of Va.*, 570 S.W.2d at 381; *Adi*, 2003 WL 22908129, at *3.

The *Mansions* court also addressed whether the absence of any evidence that a purported affidavit was sworn to by the affiant before an authorized officer is a defect in form or a defect in substance. *See Mansions in the Forest*, 365 S.W.3d at 317–18. The high court discussed preservation-of-error principles and stated that the court had allowed parties to deviate from the error-preservation requirement in "certain limited circumstances." *Id*. at 317. Nonetheless, the high court noted that it

6

had never held that an affidavit's alleged failure under Texas Government Code section 312.011 is excepted from the general requirement of error preservation. *See id.* Even though the defect in question made the document "no affidavit at all," and even though six courts of appeals[1] had previously concluded that this defect was a defect in substance, the *Mansions* court concluded that if a purported affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, this is a defect in form, and an opposing party waives its objection to this defect if it fails to timely object in the trial court.[2] *See id.* at 317–18. When the trial court granted PNR's summary-judgment motion, the Lam Parties had not raised any complaint regarding PNR's failure to provide an executed jurat or other evidence showing that the Affidavit was sworn to before an authorized officer. Therefore, the Lam Parties waived their objection to this defect in form, and the trial court did not err in granting summary judgment as to attorney's fees because the Affidavit was unsworn. *See Seim*, 551 S.W.3d at 164; *Mansions in the Forest*, 365 S.W.3d at 316–18; *Life Ins. Co. of Va.*, 570 S.W.2d at 381; *Adi*, 2003 WL 22908129, at *3.

**B.  Did the trial court err in granting summary judgment as to attorney's fees because the Affidavit was unsigned?**

The Lam Parties further argue that Government Code section 312.011(1) requires that an affidavit must be signed by the party making it. *See* Tex. Gov't

---

[1] The Fourteenth Court of Appeals was one of these six courts. Two other courts of appeals had effectively concluded that the absence of a jurat was a defect in substance, a conclusion similar to the holding of the other six courts of appeals. The *Mansions* court cited no court decision that agreed with its holding. *See Mansions in the Forest*, 365 S.W.3d at 316–18.

[2] The Lam Parties cite the Second Court of Appeals's opinion in *Dixon v. Mayfield Bldg. Supp. Co. See* 543 S.W.2d 5, 7–8 (Tex. Civ. App.—Fort Worth 1976, no writ). But this case does not address whether this defect is a defect in form or in substance, and in any event we are bound by the Supreme Court of Texas's holding in *Mansions. See Mansions in the Forest*, 365 S.W.3d at 316–18; *Dixon*, 543 S.W.2d at 7–8.

Code Ann. § 312.011(1). Liberally construing the Lam Parties' brief, they also argue that the absence of the affiant's signature in the Affidavit is a defect in substance, and thus they were not required to object to this defect before the trial court granted summary judgment. *See Seim*, 551 S.W.3d at 164. PNR asserts that this defect is a defect in form and that the Lam Parties waived their objection to the defect by failing to timely object.

In *Mansions*, the Supreme Court of Texas concluded that the absence of evidence showing that an affidavit was sworn to before an authorized officer is a defect in form and not substance. The question now is whether the rationale in *Mansions* should also apply to an unsigned affidavit. The parties have not cited and research has not revealed any precedent from the Supreme Court or this court addressing whether an affiant's failure to sign a purported affidavit is a defect in form or a defect in substance. We conclude that the same rationale expressed in *Mansions* with respect to error preservation concerning an unsworn affidavit applies equally to an unsigned affidavit.

In *Mansions*, the summary-judgment movant waited until the case was on appeal before it objected to the nonmovants' failure to submit evidence showing that their affidavit was sworn to before an authorized officer. *See Mansions in the Forest*, 365 S.W.3d at 315–16. The *Mansions* court noted that such a failure meant the instrument was "no affidavit at all," but rather than conclude that the defect was a defect in substance on this basis, the court proceeded to analyze whether this defect should be subject to the error-preservation requirement. *See id.* at 317–18. The high court stated that it had previously allowed parties to deviate from the error-preservation requirement in "certain limited circumstances." *Id*. at 317. The *Mansions* court recognized the "important prudential considerations" supporting Texas's longstanding error-preservation requirement. *See id*. A timely and specific

complaint alerts the trial court and the adversary to the purported error, giving both a chance to remedy the problem and thus avert the need to raise the issue on appeal. *See id*. Requiring error preservation avoids unfairness, gives deference to the trial court, and encourages the proper administration of justice by having the parties and the trial court tackle the issues before they reach the court of appeals. *See id*. In this way, the error-preservation rule spurs efficiency, prevents unnecessary expense, and safeguards judicial resources. *See id*. It also deters the gamesmanship that sometimes accompanies the exceptions to the error-preservation requirement. *See id*. The *Mansions* court observed that if a purported affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, requiring the opposing party to timely object to this error gives the litigant a chance to correct the error. *See id*. After considering the prudential considerations supporting the error-preservation requirement, the high court determined that even such an obvious and substantial defect was a defect in form and thus still subject to the error-preservation rule. *See Seim*, 551 S.W.3d at 166; *Mansions in the Forest*, 365 S.W.3d at 317–18.

If the affidavit in *Mansions* presented a defect in form, then the unsworn Affidavit in today's case does too. *See Seim*, 551 S.W.3d at 166; *Mansions in the Forest*, 365 S.W.3d at 317–18; *Grady v. Nationstar Mortgage, LLC*, No. 02-19-00006-CV, 2020 WL 5242418, at *5 (Tex. App.—Fort Worth Sep. 3, 2020, pet. denied) (mem. op.). The Second Court of Appeals reached the same conclusion in *Grady v. Nationstar Mortgage*. *See* 2020 WL 5142418, at *5. There, the signature block for the affiant contained "/s/" followed by the affiant's typed name, and the signature block for the notary contained "/s/" followed by the notary's typed name. The *Grady* court presumed for the purposes of its analysis that under Texas Rule of Civil Procedure 21, "/s/" followed by a typed name did not constitute an affiant's or a notary's signature. *See* Tex. R. Civ. P. 21(f)(7)(A) (stating that an

9

electronically filed document is considered signed if the document includes "a '/s/' and name typed in the space where the signature would otherwise appear, *unless the document is notarized or sworn*" (emphasis added)); *Grady*, 2020 WL 5242418, at *5, n.4. Under this presumption, the summary-judgment affidavit lacked the affiant's signature and the notary's signature. *See Grady*, 2020 WL 5242418, at *5, n.4. The Second Court of Appeals applied the *Mansions* preservation-of-error analysis and concluded that the failure of an affiant to sign a purported affidavit is a defect in form and that the opposing party waived any objection to this defect by failing to object in the trial court. *See Grady*, 2020 WL 5242418, at *5. The parties have not cited and research has not revealed any case in which a court applies the *Mansions* preservation-of-error analysis and determines that an affiant's failure to sign a purported affidavit is a defect in substance.

The Lam Parties rely on *Nevarez Law Firm, PC v. Investor Land Services, LLC*. *See* 645 S.W.3d 870, 884 (Tex. App.—El Paso 2022, no pet.). In that case, the court of appeals does not expressly address whether the failure of an affiant to sign a purported affidavit is a defect in form or a defect in substance. *See id*. Nonetheless, the court effectively treats this defect as one of substance. *See id*. The *Nevarez* case is not on point because the court of appeals did not cite or apply the *Mansions* precedent. *See id*. The Lam Parties also cite *Hatcher v. TDCJ–Institutional Division*. *See* 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied). The *Hatcher* opinion is not on point because it does not address whether the failure of an affiant to sign a purported affidavit is a defect in form or a defect in substance and it does not apply the *Mansions* precedent, which issued after the *Hatcher* case was decided. *See id*. For the same reasons, the Second Court of Appeals's opinion in *Dixon v. Mayfield Building Supply Company*, cited by the Lam Parties, is also not on point. *See* 543 S.W.2d 5, 7–8 (Tex. Civ. App.—Fort

10

Worth 1976, no writ).

After considering the prudential considerations supporting the error-preservation requirement under the *Mansions* analysis, we conclude that that even though the affiant's failure to sign the purported affidavit makes the document "no affidavit at all," this too is a defect in form and that an opposing party waives its objection to this defect if it fails to timely object in the trial court. *See Mansions in the Forest*, 365 S.W.3d at 317–18; *Seim*, 551 S.W.3d at 166; *Grady*, 2020 WL 5242418, at *5. When the trial court granted PNR's summary-judgment motion, the Lam Parties had not raised any complaint regarding PNR's attorney's failure sign the Affidavit. Therefore, the Lam Parties waived their objection to this defect in form, and the trial court did not err in granting summary judgment as to attorney's fees because the Affidavit was unsigned. *See Seim*, 551 S.W.3d at 164; *Mansions in the Forest*, 365 S.W.3d at 316–18; *Life Ins. Co. of Va.*, 570 S.W.2d at 381; *Grady*, 2020 WL 5242418, at *5; *Adi*, 2003 WL 22908129, at *3.

**C.    Did the trial court err in denying the Lam Parties' motion for reconsideration?**

We presume for the sake of argument that the Lam Parties challenge the trial court's denial of their motion for reconsideration. In their motion for reconsideration the Lam Parties did not cite any evidence not available to them when PNR's summary-judgment motion was granted, and as to the complaints raise by the Lam Parties on appeal, we have concluded that the trial court did not err in granting the summary-judgment motion. Therefore, the Lam Parties have not shown that the trial court erred in denying their motion for reconsideration. *See Balciunas v. Herman*, No. 14-22-00029-CV, 2023 WL 4732823, at *2 (Tex. App.—Houston [14th Dist.] Jul. 25, 2023, no pet.) (mem. op.).

## III. CONCLUSION

Under binding precedent from the Supreme Court of Texas, if a purported

affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, this is a defect in form, and an opposing party waives its objection to this defect if it fails to timely object in the trial court. When the trial court granted PNR's summary-judgment motion, the Lam Parties had not raised any complaint regarding PNR's failure to provide an executed jurat or other evidence showing that the Affidavit was sworn to before an authorized officer. Therefore, the Lam Parties waived their objection to this defect in form, and the trial court did not err in granting summary judgment as to attorney's fees because the Affidavit was unsworn. After considering the prudential considerations supporting the error-preservation requirement under the *Mansions* analysis, we conclude that that even though the affiant's failure to sign the purported affidavit makes the document "no affidavit at all," this defect is a defect in form and that an opposing party waives its objection to this defect if it fails to timely object in the trial court. When the trial court granted PNR's summary-judgment motion, the Lam Parties had not raised any complaint regarding PNR's attorney's failure sign the Affidavit. Therefore, the Lam Parties waived their objection to this defect in form, and the trial court did not err in granting summary judgment as to attorney's fees because the Affidavit was unsigned.[3] The Lam Parties have not shown that the trial court erred in denying their motion for reconsideration. We overrule the Lam Parties' sole issue and affirm the trial court's judgment.

/s/     Randy Wilson
Justice

Panel consists of Justices Hassan, Poissant, and Wilson.

---

[3] We need not and do not address PNR's other arguments on appeal as to why the trial court's judgment should be affirmed.